### L. T. PORTER v. S. H. BURNETT.

(Case No. 1343.)

1. CONDITIONAL CERTIFICATE.— *Prima facie* an unconditional certificate is the separate property of him to whom it issued, the conditional certificate having issued to him as a single man.

2. LAND CERTIFICATE.— An unlocated land certificate is a chattel. By consent of the heirs of the grantee it might be located and divided as realty, but not so as to affect the wife, whose interest in the land covered by it would be only a life estate of one-third, whereas her interest in it considered as a chattel would be one-third absolutely.

APPEAL from Hays. Tried below before the Hon. L. W. Moore.

Suit for. partition, filed February 28, 1879, against appellant by appellee S. H. Burnett and his sister, Sarah E. Owens, joined by her husband, James Owens. The plaintiffs claimed an interest in the land as heirs of D. D. Burnett, deceased, who died before the 26th day of November, 1855, alleging that at his death he was the owner of a conditional certificate for six hundred and forty acres of land, issued to him in 1838, when he was a single man; that at his death he left a wife, Rebecca G. Burnett, and three children, to wit, the plaintiffs S. H., Sarah and John Burnett. That after the death of D. D. Burnett the plaintiff procured the issuance of an uncondi-

tional certificate in lieu of the conditional, and had it located upon the land in dispute in two tracts, which were patented to the heirs of D. D. Burnett.

They further alleged that the unconditional certificate and the land were the separate property of D. D. Burnett, and vested in his heirs accordingly. That the living heirs were the plaintiffs S. H. and Sarah and their mother, Rebecca G. Burnett,— " the aforesaid John Burnett, one of the children of D. D. Burnett and *Jane Burnett*, having, as petitioners allege, departed this life on or about the 3d day of October, 1870, leaving no children." *(Jane Burnett* was not before mentioned as one of the heirs.)

They further alleged that the defendant was in possession, claiming sometimes the whole land; sometimes as co-tenant. That in fact their mother had conveyed to the defendant her interest in the land, and of this interest he was the real owner.

Prayer for partition according to the respective interests of the parties.

Defendant answered by general demurrer and general denial.

Defendant amended, with demurrer, denial and plea of limitation of three, five and ten years, and valuable improvements in good faith. He also alleged that he had a complete legal and equitable title to the land under the grant to Burnett. And further, that the Burnett location conflicted in part with a prior valid location which he had bought in.

Plaintiffs replied by denial of defendant's allegations, and alleged the coverture of the plaintiff Sarah E. Owens since 1860.

Cause was submitted to the court without a jury.

Judgment that the plaintiff S. H. Burnett take nothing, and that the plaintiff Sarah E. Owens recover one-fourth of the land, appointing commissioners of partition, etc.

Among the assignments of error were the following:

5th. Error in not allowing the defendant for improvements made in reducing the land to cultivation in 1854.

6th. Error in not allowing to the defendant the value of the widow's life estate in one-third of the land.

7th. Error in the judgment and finding that the land certificate descended to the heirs of D. D. Burnett as real property, and not as personalty.

*Walton, Green & Hill* and *L. Fisher*, for appellant.

No briefs for appellee on file.

DELANY, J. COM. APP.— The view which we take of this case renders it unnecessary that we should discuss all the assignments of error which are urged by appellant.

The fourth assignment is that the court erred in holding that the certificate was the separate property of the husband. In this we think there was no error. The conditional certificate was issued to him as a single man. If the marriage of Burnett before he became entitled to the unconditional certificate would have changed its character into community property (concerning which we express no opinion), it was upon the defendant to prove the date of the marriage. *Prima facie* the certificate was separate property, and in the absence of a statement of facts we must conclude that the finding of the court was correct.

The seventh assignment is that the court erred in its judgment that the certificate descended to the heirs as real estate and not as personalty. In this we think there was error. Unlocated land certificates have, from the beginning of our history, been regarded as chattels. Randon v. Barton, 4 Tex., 292; Watkins v. Gilkerson, 10 Tex., 340; Cox v. Bray, 28 Tex., 247; Simpson v. Chapman, 45 Tex., 561. The unconditional certificate was doubtless procured by the administrator, as it was issued to him as such. No doubt heirs or distributees might consent to the location of certificates, and afterwards divide the property among them as real estate. But we think this would require consent, at least in the case of the wife. Her distributive share of the personal property of her husband is one-third, but she has only a life estate in one-third of his realty. Pasch. Dig., 3422; R. S., 1646.

Supposing an estate to consist of a number of land certificates, each of an equal number of acres, and to be out of debt. The wife would be entitled to one-third of the certificates, and to have them set apart to her; and she might locate them as she chose, and own the land in fee; but if the administrator could locate them without her consent, and change the character of the property, she would have only a life estate in the same quantity of land.

It is admitted by the plaintiffs in their pleadings that the entire interest of the wife in the property passed to the defendant by her conveyance. The precise date of this conveyance does not appear, but it must have been after the filing of her inventory in 1866, in which she included the certificate and claimed it as community property. When Burnett died, in 1853, the wife and four children survived. There is some uncertainty about the names, those given by the court not being the same as those given in the pleadings of

the plaintiffs; but we think it sufficiently appears by both that there were four children. Thus the wife took one-third, and the remaining two-thirds went to the four children, giving to each one-sixth.

The court finds that one of the children died in 1863. One-half of her interest — that is, one-twelfth of the whole — went to the mother (Pasch. Dig., 3419), and the remainder in equal parts to the three surviving children. Thus the mother had five-twelfths, which passed by her conveyance to the defendant, and each of the children had seven thirty-sixths. The court further finds that James Burnett, another of the children, died in October, 1870, after the statute commenced to run against him. So that his interest passed to the defendant, as the statute did not stop running after his death.

The plaintiff S. H. Burnett was barred when the suit was brought, and the defendant held his interest by limitation. Thus the defendant held and owned the entire property, except the one-sixth interest which the plaintiff Sarah inherited from her father, and the interest of one thirty-sixth which she inherited from her sister.

It results that the plaintiff Sarah should have recovered seven thirty-sixths, the remaining twenty-nine thirty-sixths belonging to the defendant.

We do not think the court erred in refusing to allow defendant anything for improvements made in 1854.

Our opinion is that the judgment should be reversed and such judgment rendered by the supreme court as should have been rendered by the court below.

REVERSED AND RENDERED.

[Opinion adopted October 26, 1883.]