A. T. WARD ET AL. v. W. W. CAMERON ET AL.

No. 1300. Decided April 7, 1904.

**1.—Bill of Exceptions—Evidence.**

It is necessary for a bill of exceptions to the admission of evidence to show that the facts on which the objection to the evidence is predicated actually existed, as that the party objecting to a deposition for want of notice of the interrogatories had no such notice. (P. 472.)

**2.—Same—Deposition—Pointing Out Part Objected to.**

On objection to a deposition because based on hearsay and proving a sale of land by parol evidence without accounting for the writings, the bill should show the particular part of a long deposition to which the objection was addressed. (Pp. 472, 473.)

**3.—Transfer of Land Certificate.**

Contract in relation to location of land certificates held to recognize and furnish evidence of their transfer, though containing no words of conveyance. (Pp. 471, 473.)

**4.—Husband and Wife—Transfer of Land Certificate.**

An unlocated Texas land certificate in possession of the husband of an heir of the grantee, they residing in a State where the common law as to rights of husband and wife prevailed, passed by a transfer made by husband, not joined in by the wife. (Pp. 473, 474.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Trinity County.

Ward and others sued Cameron and others for the recovery of land. Defendants had judgment which was affirmed on appeal by plaintiffs, who then obtained writ of error.

*Jas. R. Hamilton, Bean & Nelms,* and *Walton & Walton,* for plaintiffs in error.—One defendant can not take the deposition of another defendant, ex parte, and use it against plaintiff, when plaintiff had no notice of the proceeding and was given no opportunity to cross-examine the witness. Sayles' Dig., art. 2293; Love v. Keowne, 58 Texas, 197; McGown v. Randolph, 26 Texas, 496; Bizzell v. Hill, 37 S. W. Rep., 179. The testimony was material and evidently had a moving effect on the mind of the judge. Wagoner v. Rupley, 69 Texas, 705; Moore v. Kennedy, 81 Texas, 147; Wright v. U. S. Mort. Co., 42 S. W. Rep., 791; D'Arrigo v. Texas Produce Co., 31 S. W. Rep., 715.

A paper that is irrelevant and immaterial to any issue in the case is inadmissible in evidence. Waul v. Hardie, 17 Texas, 558; Ross v. Kornrumpf, 64 Texas, 396; Gulf C. & S. F. Ry. Co. v. Rowland, 82 Texas, 172; Smyth v. Caswell, 67 Texas, 577; Dewees v. Bluntzer, 70 Texas, 408; Wagoner v. Rupley, 69 Texas, 705; Moore v. Kennedy, 81 Texas, 147; Shields v. Hunt, 45 Texas., 424; Johnson v. Timmons, 50 Texas, 537; Fitch v. Boyer, 51 Texas, 348; Capt v. Stubbs, 68 Texas, 224; Lyne v. Sanford, 82 Texas, 64; Grant v. Hill, 29 S. W. Rep., 250.

Estoppel has well known elements—none or at least none of the very essentials of one exist in this instance. Linney v. Wood, 66 Texas, 28; Steed v. Petty, 65 Texas, 495; Echols v. McKie, 60 Texas, 43; Bigelow's

estoppel, (3d ed.), 484; 11 Am. and Eng. Enc. Law, 2 ed., 424 et seq.; 14 Id., 85 et seq.

The court erred in giving a judgment for defendants and against plaintiffs. (1) The plaintiffs were proven to be the heirs of John Ward, deceased, to whom the land in controversy was granted, through his sister Mary Ward and brother David Ward; they proved that the said David Ward died without issue; that the said Mary Ward married William Carson, and to them were born two children—James and Emily. James died in infancy; Emily married Bartholomew Ward and to them plaintiffs, or their parents, were born. (2) Plaintiffs being the only heirs of John Ward, as aforesaid, the legal title to the land in controversy was vested in them. (3) The deeds from David Ward—one to J. N. Stripling and the other to Joseph N. Stripling—for the land certificates by virtue of which the land in controversy was located, and which deeds are sent up with the record, were not proven in any way so as to be admissible in evidence; or if they were admissible, they were proven to be forgeries after their admission in evidence, by plaintiffs. (4) The defendants showed no title, legal or equitable, to any of the land in controversy. (5) The old paper, of date the 18th of December, 1860, and signed by L. R. Russell, William Carson and J. B. Stripling, Jr., was not a conveyance, was not an enforcible contract, without evidence aliunde its face, and none was introduced nor tendered; none of the defendants claimed under it; it could not be used as an outstanding title; it in no way divested out of plaintiffs their good, legal title inherited by them, as aforesaid. (6) David Ward died after the 18th of December, 1860, whereby plaintiffs inherited his interest in the land in controversy. (7) Plaintiffs proved legal title in themselves to the land in controversy, and defendants did not prove it out of them, either in law or in equity.

*Stevenson & Stevenson,* for executors and heirs of William Cameron, deceased, and W. T. Joyce.—The objection urged to the deposition of J. N. Stripling goes only to the manner and form of its taking, and it is not shown that the objection was in writing and filed before the trial begun as required by law, nor is it shown that the deposition was not filed in court more than one day before the trial; therefore the objection urged can not be entertained. Rev. Stats., art. 2289; Mann v. Matthews, 82 Texas, 98; Grigsby v. May, 57 Texas, 255; Garner v. Cutler, 28 Texas, 175.

It is not shown in what particular appellants were prejudiced by the testimony of J. N. Stripling; and furthermore, it appears from the appellants' statement that no possible injury did or could have arisen. Garner v. Cutler, 28 Texas, 184.

The instrument of writing objected to, was relevant and material testimony in several aspects, viz.: (1) It was a very material circumstance, evidencing a transaction between William Carson and J. B. Stripling, of date, December 18, 1860, about one year after the execu-

tion and delivery of the deeds by David Ward to J. B. Stripling, as an irrefutable fact, repelling most forcibly the charge of forgery against these old deeds. (2) It was a transaction by J. B. Stripling with William Carson dealing with these very certificates, and referring to the former transfers by David Ward, and recognizing the same as valid, and intending to make it valid in case of any defect, William Carson then being the owner of the same under the laws of Georgia, or of whatever right existed therein by virtue of his wife's relationship to David and John Ward, thus curing any irregularities, such as a transfer from David Ward as the sole heir of Major John Ward, deceased, when if such be the fact, as now claimed by the plaintiffs, Mary Carson was a sister and entitled to equal right with David Ward on October 19, 1859, when David Ward conveyed as sole heir. (3) J. B. Stripling, Jr., being the party who purchased from David Ward in 1859, for and in the name of his son J. N. Stripling, and being the same party connected with the transaction with Carson and Russell, December 18, 1860, though the writing and transfer is in the name of J. B. Stripling, which would be construed as in support of, and to perfect the title previously conveyed to J. N. Stripling, thus proving that the deeds attached were not forgeries, and also making conclusive evidence that all rights, title and interest in these certificates were transferred in accordance with J. B. Stripling's intention as expressed in the deeds from David Ward to J. N. Stripling. (4) The contract referred to we do not construe to be conditional or executory, but on the contrary it is an absolute transfer with a guaranty—in effect a warranty. (5) It being the act of William Carson, the ancestor of the plaintiffs, through whom they necessarily claim, they are bound thereby, and are forever estopped from questioning the title conveyed. Under first subdivision see: McCarty v. Johnson 20 Texas Civ. App., 187; Heintz v. O'Donnell, 17 Texas Civ. App., 25. Under second subdivision see: Owen v. Tankersly, 12 Texas, 415; Brown v. McConnell, 56 Texas, 233. Under third and fourth subdivisions see: Edwards v. Humphries, 36 S. W. Rep., 333; Satterwhite v. Rosser, 61 Texas, 166; Capp v. Terry, 75 Texas, 400; Barroum v. Culmell, 90 Texas, 96; Batcheller v. Besancon, 19 Texas Civ. App., 144; Baldwin v. Root, 90 Texas, 553. And under fifth subdivision see: Weinstein v. Nat. Bank of Jefferson, 69 Texas, 38; 7 Am. and Eng. Enc. of Law, 12, 17, 23.

*Nunn & Nunn,* for defendants in error Stripling and Wade.—Where the case is tried by the court without a jury, and no findings of fact filed, the court will not reverse if there is any theory upon which the court could, from the evidence, have found for the appellee. Craig & Ogden v. Marx & Kempner, 65 Texas, 654.

The court will not reverse for the admission of incompetent evidence, if there is sufficient competent evidence to sustain the judgment. Clayton v. McKinnon, 54 Texas, 211; Dignan v. Shields, 51 Texas, 327; First Nat. Bank v. Greenville Oil Co., 24 Texas Civ. App., 649;

Melton v. Cobb, 21 Texas, 543; Chicago & R. I. Ry. Co. v. Porterfield, 92 Texas, 443; Pridgen v. Hill, 12 Texas, 378; Spofford v. Bennett, 55 Texas, 293; Chamberlain v. Pybas, 81 Texas, 517.

It is only when the issue is close, and the evidence about equally balanced, that the admission of incompetent evidence would justify reversal, and then, only, if it should appear that the judge had probably been influenced thereby this should be made to appear; otherwise there should be no reversal. Garner v. Cutler, 28 Texas, 175; Grisgby v. May, 57 Texas, 255; Mann v. Mathews, 82 Texas, 98; Moore v. Kennedy, 81 Texas, 147; Roach v. Crume, 41 S. W. Rep., 86; Beham v. Ghio, 75 Texas, 90; Dupree v. Estelle, 72 Texas, 577; Craig v. Marx & Kempner, 65 Texas, 654; D'Arrigo v. Texas Produce Co., 31 S. W. Rep., 715.

If it appears that the result could not be changed, and that no other judgment could have been rendered, no reversal can be had on account of rulings on questions of evidence; and we submit: (1) That the deeds of David Ward to J. N. Stripling pronounced genuine, in connection with affidavits of William Carson and his wife Mary, make it impossible for plaintiff to recover. (2) The affidavits of Carson and wife operate an estoppel upon their heirs, and prevent their disputing the facts hereby shown, that David Ward was the only heir of John Ward. (3) Transfer of the certificate is title. Weinstein v. Bank, 69 Texas, 38; Fifth Nat. Bank v. Iron City Nat. Bank, 92 Texas, 439; Chamberlain v. Pybas, 81 Texas, 517.

The findings of the Court of Civil Appeals upon the facts constituting an estoppel are conclusive and can not be inquired into here. Constitution, art. 5, secs. 3-6; General Laws, 1892, p. 26, sec. 5, subdiv. 3; Schley v. Blum, 85 Texas, 551; Texas & P. Ry. Co. v. Levine, 87 Texas, 437.

The transfer of the certificate of William Carson and Levy Russell in December, 1860, is sufficient in itself to convey the land, independent of the deed from David Ward to J. N. Stripling. Edwards v. Humphreys, 36 S. W. Rep., 334, 335, 434; Satterwhite v. Rosser, 61 Texas, 172; Barroum v. Culmell, 90 Texas, 96; Adams v. House, 61 Texas, 639.

It is insisted that this transfer creates only an equity, and that we had no connection with it; but J. N. Stripling is a son of J. B. Stripling, and the only child, so far as the records show; therefore if this instrument should be construed as only an equitable claim, J. N. Stripling in possession claiming all the land in dispute except an 'undivided interest in one tract claimed by the vendee E. C. Wade, is entitled to make defense on this transfer; and Wade is connected by his deed from Stripling. Edwards v. Humphreys, 36 S. W. Rep., 334, 434; Barroum v. Culmell, 90 Texas, 93.

BROWN, Associate Justice.—Plaintiffs in error sued in trespass to try title to recover from the defendants in error three tracts of land

situated in Trinity County located by virtue of two certificates issued by the Comptroller of the State of Texas to 'the heirs of John Ward, who fell at Goliad in the service of the Republic of Texas. John Ward left but two heirs, David Ward, a brother, and Mary Ward, a sister, the latter being married to William Carson prior to the death of her brother. David Ward, William Carson and his wife all lived in the State of Georgia. David Ward died without any issue, and Mary Carson and her husband are also dead, the plaintiffs in error being their descendants and the only heirs of David Ward and Mary and William Carson. The plaintiffs in error are entitled to recover the land sued for unless the defendants in error have shown that David Ward and Mary and William Carson parted with their interest in the lands, or the certificates, during their lives.

The defendants introduced in evidence two written instruments, each dated the 19th day of October, 1859, and each signed by David Ward. One of the instruments conveyed to Joseph N. Stripling donation land certificate No. 17, issued by Clement R. Johns, Comptroller of the State of Texas, to the heirs of John Ward for 640 acres of land. The other instrument conveyed to J. N. Stripling bounty certificate No. 44 for 960 acres of land, issued by Clement Johns, Comptroller of the State of Texas, on September 27, 1859, to the heirs of John Ward. In each transfer David Ward covenanted that he was the only heir of John Ward, deceased, and upon each transfer was indorsed an affidavit as follows, to wit:

"The State of Georgia, Chatham County. Before me the undersigned commissioner of the State of Texas, appeared William Carson and Mary Carson, persons of credibility to me known, who on oath duly signed, declared that they are well acquainted with David Ward, who resides at Burke County, State of Georgia; that the said David Ward is the only heir of Major John Ward, who was killed in the Texas revolution; and the said parties declare further that they were acquainted with Major John Ward in his lifetime; at the time of his death he was a single man and left no other heirs but David Ward, his brother. William Carson. Mary Carson."

Each of the transfers was acknowledged at Savannah, Ga., before Joseph Felt, commissioner of deeds for the State of Texas, on the day of the date of the instrument, and each affidavit was signed by William Carson and Mary Carson and sworn to before Joseph Felt, commissioner of deeds, on the day the transfers were made. The transfers were executed with the name of the grantee in blank and afterwards filled in by the name as before stated; in one it was written Joseph N. Stripling, and in the other J. N. Stripling, the same person being the grantee in both transfers. Each transfer was, at the date of the trial, more than thirty years old and had been duly recorded in Trinity County. J. R. Hamilton, one of the attorneys for plaintiffs in error, filed his affidavit of forgery to each of the transfers. Over objections by the plaintiffs in error the court admitted these transfers in evidence.

The defendants proved that the common law of England was in force in the State of Georgia up to the year 1866.

Defendants then introduced the following instrument:

"Georgia, Chatham County. Whereas, on this the eighteenth day of December, A. D. 1860, James B. Stripling of the county of Madison and State of Florida, has made and caused to be delivered two certain promissory notes to Levi S. Russell and William Carson, both of the said county of Chatham and State of Georgia, each of said notes being for the principal sum of five hundred and seventy-six dollars and seventy-five cents and payable to James B. Stripling, Senior, or order, and indorsed by him, one due the first day of July next and the other due the first day of October next, and each bearing interest from the first day of January next, and payable at either bank in the city of Savannah, and both being signed by J. B. Stripling, Jun., for and in consideration of said James B. Stripling, Jun., having received from the said Levi S. Russell and William Carson three certain land warrants or certificates, each issued at Austin, Texas, September 27, 1859, by Clement R. Johns, Comptroller, and authorizing the heirs of Major John Ward, deceased, to locate and have surveyed one 960 (nine hundred and sixty) acres bounty, and another six hundred and forty donation, and the other fourteen hundred and seventy-six acres headright upon any of the vacant and unappropriated domain of the State of Texas. Now, it is agreed between the said James B. Stripling on the one side and the said Levi S. Russell on the other, that the said James B. Stripling, Jun., shall take all necessary legal steps to have the said warrants or certificates located and surveyed by or before the first day of June next. And it is further agreed between the parties aforesaid that if from any irregularity in said warrants or certificates or any of them, or from any irregularity or defect in the transfers of said warrants or certificates from the heirs of said Major John Ward, deceased, or from any other cause whatever, the said James B. Stripling, Jun., his agents, executors, administrators, heirs or assigns may be unable to have surveyed and have appropriated to him or them such quantity of of land in said State of Texas as the same call for, then the said Levi S. Russell and William Carson hereby bind themselves, their heirs, executors and administrators to deliver the above described notes to the said James B. Stripling, or his agents, attorney or legal representative, or in case of their failure to make such delivery of said notes, then the said Levi S. Russell and William Carson shall well and truly refund or cause to be refunded to said James B. Stripling, Jun., his agents or attorney, such sum or sums of money as he may have to pay on account of said notes. And it is further agreed that if from any cause whatever the said James B. Stripling, Jun., or his representatives or assigns shall be unable to have land surveyed under said warrants or certificates in accordance with the tenor and effect of the same, he the said James B., Jun., shall return or cause to be returned the said

warrants or certificates to the said Levi S. Russell and William Carson or their agents or legal representatives by or before the 1st day of May next, in good condition such as they are in now, otherwise this agreement shall be null and void.

"In witness whereof, the said parties have hereunto mutually set their hands and seals this day and year first above written.

"Levi S. Russell,
"William Carson,
"James B. Stripling, Jun.
"Witnesses: A. G. McArthur, Y. J. Anderson."

If the transfers signed by David Ward were genuine they conveyed to Joseph N. Stripling all the interest David Ward had in the certificates and in the lands located under them, and if the instrument executed by William Carson, Levi S. Russell and J. B. Stripling had the effect to convey the interest of Mary Carson in the certificates to J. N. Stripling, then the defense against the claim of the plaintiffs in error was complete.

The validity of the transfers purporting to have been made by David Ward, one to Joseph N. Stripling and the other to J. N. Stripling, was a question of fact for the trial court, and, there being sufficient evidence to sustain the finding that they are genuine, this court can not review that conclusion, but will accept it unless some material error was committed by which the judgment of the trial court upon that question may have been influenced. We will therefore examine the assignments upon the admission of evidence that bears upon the issue of forgery.

The writ of error was granted because we were of opinion that the trial court committed error in admitting in evidence the deposition of Joseph N. Stripling. The bills of exception reserved by the plaintiffs in error present the following objections to that deposition: "First. It was taken ex parte by one or more of the defendants, he the said J. N. Stripling being also a defendant in the controversy that existed between them. Second. The plaintiffs had no notice of the taking of the said deposition and were given no opportunity to cross-examine the said witness." The objections were overruled. It will be observed the bill does not state that the plaintiffs in error had no notice of the taking of the deposition, but makes that one of the grounds of objection. It is necessary for a bill of exception to show that the facts upon which the objection is predicated actually existed; the court might have overruled the objection because the fact did not exist. Terrell v. McCown, 91 Texas, 241; King v. Pfeiffer, 62 Texas, 307. In Terrell v. McCown, above cited, this court said: "It will be observed that the bill does not state facts set out in the motion are true, and in the absence of such statement we can not assume them to be."

To the same deposition the following objection was made: "And further, plaintiffs objected to the testimony of the said J. N. Stripling

as given in his answers referred to in the bill of exception number 2 because based on hearsay, his supposition and understanding, and not from knowledge; also where it bears on the sale of the land it was parol, not in writing, and the writings, if any, not accounted for." The objections were overruled by the court. The deposition objected to covers five closely typewritten pages in the transcript and embraces many subjects; some matters contained in it were clearly admissible, and the objection as presented did not point the trial court to the particular parts that were challenged. Sadler v. Anderson, 17 Texas, 256; Moss v. Cameron, 66 Texas, 412. We find no error in the ruling of the court. We conclude that the judgment of the court establishes the validity of the transfers made by David Ward, and that such transfers carried to Joseph N. Stripling all the right and title of David Ward in the certificates and to the land when located.

The genuineness of the contract made between Carson, Russell and J. B. Stripling, Jr., is not questioned by the plaintiffs in error, but it is claimed it does not purport to convey any right to the certificates. In some way Levi S. Russell had become interested in the two land certificates which were at the execution of the contract in the possession of Russell and William Carson. The instrument does not contain words of conveyance or transfer, but the transaction shows that a sale of the certificates had been effected by Russell and Carson to James B. Stripling, Jr. The giving of the notes by James B. Stripling, Jr., payable to James Stripling, and indorsed by him to Russell and Carson in consideration of the delivery to him by them of the land certificates issued to the heirs of John Ward, deceased, show a sale of the certificates, because the inference is irresistible that Stripling received title to that for which he gave a valuable consideration, and Russell and Carson parted with their title to the certificates which they delivered and for which they received the notes. The guaranty by Russell and Carson of the validity of the certificates and their obligation to return to Stripling any money that he might pay upon the notes in case he failed to get the land, together with the further agreement that in such event the certificates should be returned to Russell and Carson, unmistakably show a transfer of the right of Russell and Carson in the certificates to James B. Stripling, Jr. It does not matter whether it be held that the written contract itself transferred these certificates or evidenced a verbal sale and delivery of them by Russell and Carson to Stripling, for in either event the interest of Russell and Carson passed to and vested in Stripling. The delivery of the certificates passed the title of Carson to J. B. Stripling, Jr., and the writing was evidence of the fact of delivery. Ballard v. Carmichael, 83 Texas, 355.

This brings us to the consideration of the question, what interest had William Carson in the land certificates? The certificates were issued in the name of the heirs of John Ward, and we must determine who the heirs were by the laws of the State of Texas. There is no question that David Ward and Mary Carson, the wife of William Carson, were

the only heirs at law of John Ward, deceased, and that they were the persons to whom the certificates were issued. The land certificates were personal property. Porter v. Burnett, 60 Texas, 220; Jones v. Lee, 86 Texas, 41; Sewell v. Lawrence, 2 Texas U. C., 276. Hence we must look to the laws of Georgia, where Carson and his wife resided at the time, to determine the rights of the husband in the certificates. The common law being in force in the State of Georgia, all personal property owned by Mary Carson at the time of her marriage or acquired by her during the marriage vested in her husband William Carson, with the qualification that the title to choses in action was not absolute until reduced to possession by the husband. Hill v. Townsend, 24 Texas, 575. The land certificates conferred upon the owner the right to acquire lands in Texas by locating them in compliance with the laws, and this right, we think, must be classed as a chose in action. The certificates were not located by William Carson; therefore, he did not reduce the land to possession, but, under the common law, Carson had the power to assign the certificates for a valuable consideration, which was, in law, a reduction of the chose in action to possession, and the wife's right was barred by the sale. Hill v. Townsend, 24 Texas, 575; Tritt v. Caldwell, 31 Pa. St., 228; Thomas v. Kelsoe, 7 T. B. Mon., 522; Tuttle v. Fowler, 22 Conn., 58.

It follows that J. N. Stripling, through the assignment of the certificates by David Ward and the contract of J. B. Stripling, Jr., with Carson, acquired full title to the land certificates under which the land in controversy was located, and plaintiffs in error had no title upon which to recover. If there be errors in the proceedings as to other issues, they are immaterial and we shall not discuss them.

The judgments of the District Court and of the Court of Civil Appeals are affirmed.

*Affirmed.*