## COGGIN v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 3457.

Court of Civil Appeals of Texas. El Paso.
Dec. 17, 1936.

Rehearing Denied Jan. 7, 1937.

John B. Howard, of El Paso, for plaintiff in error.

J. G. Bennis, of El Paso, for defendant in error.

PELPHREY, Chief Justice.

Some time prior to September 1932, J. W. Burson and W. L. McIntosh filed a suit against plaintiff in error in the district court of Dallam county, Tex., seeking to recover the sum of $1,750 alleged to be due as commission on the sale of certain real estate owned by plaintiff in error. Thereafter a writ of garnishment was issued in which one Ted Houghton was named as garnishee. On September 28, 1932, plaintiff in error signed an application to defendant in error for a bond in the sum of $3,500, for a release of the garnishment. In this application plaintiff in error agreed:

"And to indemnify and save said Company harmless from any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature, which said Company shall or may, for any cause, at any time, sustain or incur or be put to, by reason or in consequence of said Company's having executed said bond. And thereto I agree to waive, and do hereby waive, any right to claim any property, including homestead, as exempt, under the constitution or law of any state or states, from levy, execution, sale or other legal process.

"If claim is made against said Company on said bond, said Company shall have the right to employ its representative to investigate said claim, and to charge all expenses of such investigation to the undersigned.

"The undersigned further agrees, if any suit is brought on the bond herein applied for, to permit said Company to employ its own counsel to defend such suit; and to repay said Company the fee of said counsel and all other costs and expenses to which said Company may be put in defense of such suit."

On the same day a bond payable to J. W. Burson and W. L. McIntosh, and conditioned to pay any judgment which might be rendered against Houghton, was executed for plaintiff in error by the agent of defendant in error with defendant in error as surety.

Subsequently the suit against plaintiff in error was removed to El Paso county on the plea of privilege of plaintiff in error, where judgment was rendered against him. Following the rendition of the judgment, suit was filed in Dallam county in which recovery was sought against plaintiff in error and defendant in error for the amount of the judgment, and service was had upon the local agent of defendant in error.

The firm of Seay, Malone & Lipscomb was employed to represent defendant in error in the matter, and Mr. Curtis White, who was associated with that firm, handled the matter for the firm.

The garnishment suit, which was still pending in Dallam county, was finally dismissed, and a bill rendered to defendant in error by the firm of Seay, Malone & Lipscomb for services in the sum of $200, together with certain expenses incurred.

Defendant in error then filed this suit seeking to recover not only the fee paid Seay, Malone & Lipscomb, and the expenses incurred by them, but also a fee of $50 alleged to have been paid Joseph G. Bennis of El Paso, Tex.

The cause was submitted to a jury, who found that the sum of $250 was a fair and reasonable attorney's fee for the work done by the attorneys, and that the attorneys for defendant in error incurred expenses in connection with the suit in the sum of $8.25.

From a judgment in favor of defendant in error for the sum of $258.25, this appeal has been perfected.

### Opinion.

Plaintiff in error's brief contains thirteen assignments of error, but only nine of them appear to be briefed. The questions presented are: (1) That the court erred in refusing to recognize the agreement of counsel as to objections to the answers in the deposition of Curtis White and in refusing to sustain plaintiff in error's motion for permission to file a motion to exclude the answers or so much thereof as was objectionable; (2) that the court should have included in the issue as to attorney's fees an inquiry whether the expenses were necessary; (3) that court erred in refusing to charge that if there were no funds to impound, then bond is void; (4) that the court erred in excluding evidence that plaintiff in error had money on deposit to pay off judgment; and (5) that the court erroneously admitted certified copy of release bond in evidence.

In connection with the taking of the deposition of Curtis White, the following stipulation was entered into: "It is stipulated and agreed by and between the parties to the above entitled and numbered cause now pending in the County Court at Law of El Paso County, Texas, said parties acting herein by and through their respective attorneys of record, that the deposition of Curtis White, attorney at law of Dallas, Texas, a witness for the Plaintiff, may be taken to the attached interrogations and cross-interrogations by any Notary Public of Dallas County, Texas, without the formality of issuance of a commission for the taking of said deposition, and said deposition may be used upon the trial of said case subject only to such objection to the questions propounded and the answers made, or any of them, as might be made were said witness present and testifying in court on the trial of said cause."

And when the deposition was offered in evidence counsel for plaintiff in error objected to certain of the interrogatories and answers, whereupon the court overruled such objections, holding that the objections must be made in writing under the statute. At least the bill of exception shows such holding. Later counsel for plaintiff in error moved to strike all the testimony of the witness Curtis White as incorporated in his deposition, on the ground that it was immaterial and irrelevant, and the answers were not in answer to the interrogatories.

The bills of exception do not point out any objection urged to any particular answer or interrogatory, and from an examination of the statement of facts we find that plaintiff in error's counsel objected to any answer to interrogatory No. 6 except a "yes" or "no"; that upon the objection being made, a part of the answer was stricken; that the same objection was urged to the answer to interrogatory No. 7 and the further objection that

it was argumentative and not in response to the question; that interrogatory No. 8 was objected to as being a repetition; and interrogatory No. 9 was objected to "because that does not tie us any place in the world."

After a thorough reading of the statement of facts, we have reached the conclusion that the specific objections above set forth were properly overruled and that the trial court properly refused to strike the entire deposition. The objectionable portions of depositions must be pointed out, and a general objection will not preserve the point. Ward v. Cameron, 97 Tex. 466, 80 S.W. 69; Pecos & N. T. Railway Co. v. Brooks (Tex.Civ. App.) 145 S.W. 649; San Antonio Water Supply Company v. Castle (Tex.Civ.App.) 199 S.W. 300.

Plaintiff in error had the right under the stipulation to offer such objection as he could have offered if the witness had been present and testifying, and, having failed to point out the particular portions of the interrogatories and answers which he wanted excluded, he cannot now ask a reversal of the entire judgment in order that he may urge them on another trial. The statement of facts shows that the court's ruling did not preclude plaintiff in error from making objections.

Plaintiff in error in his application for the bond authorized defendant in error, in case of a suit upon the bond, to employ its own counsel to defend the suit, and agreed to pay it the fee of such counsel and all other costs and expenses to which it might be put in defending the suit.

This provision did not make the liability depend upon whether or not a defense was necessary, and therefore the court would not have been justified in including that term in question No. 1.

The answer of the garnishee shows that the sum of $10,000 was impounded; therefore plaintiff in error's fourth proposition is without merit.

The question of whether or not plaintiff in error had funds in the Bank in El Paso with which to pay the judgment in the original suit was immaterial under the facts here.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.