JOHN GURLEY v. SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY.

Decided December 22, 1909.

**1.—Evidence—Expert—Civil Engineer—Flow of Water.**

The effect of levees and embankments upon the flow of water and drainage of land is so far a matter involving the knowledge of an expert as to permit the testimony of a skilled civil engineer, who had surveyed and determined the elevations controlling its flow, giving his opinion that the flooding of plaintiff's premises therefrom would have been the same in the absence of the railway embankments of which plaintiff complained as causing it. The opinion of a similarly qualified expert to the contrary was equally admissible for plaintiff.

**2.—Overflow—Charge.**

Instructions denying recovery for overflow of land if due to other causes than the railway embankment complained of, criticised as confusing and inapplicable to the evidence.

**3.—Same—Burden of Proof.**

A charge giving plaintiff the right to recover on proof of the facts alleged as constituting a cause of action and disproof of the matters pleaded in defense

was erroneous, especially when it required plaintiff to establish all such facts by a preponderance of the evidence.

**4.—Same.**

A charge on the burden of proof is not called for where the question presented by the evidence is not one of the sufficiency of proof, but of the effect of conflicting evidence.

**5.—Charge—Defenses Presented in Disjunctive.**

A charge entitling defendant to a verdict on proof of either of several defenses, is erroneous where some of the matters so submitted constituted a defense to only a part of plaintiff's claim to recovery.

**6.—Charge—Conflicting Evidence.**

A charge is not objectionable because unsupported by the evidence where that is merely conflicting.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

Mr. Justice Rice being disqualified, George E. Shelley, Esq., was appointed Special Associate Justice to sit in the hearing and disposition of this case.

*Sleeper, Boynton & Kendall* and *Taylor & Gallagher,* for appellant. —The opinion of witness Turner was invoked on the very matter at issue, and was inadmissible. Read v. Valley Land & Cattle Co., 92 N. W., 622; Houston, E. & W. T. Ry. Co. v. McHale, 47 Texas Civ. App., 360; Morgan v. Barber, 99 S. W., 730; Mutual Life Ins. Co. v. Wagner, 109 S. W., 622.

There being no evidence that all the damage to the rental value of plaintiff's lands during the years in question resulted from overflows in the Brazos river, it was error for the court to authorize a verdict for defendant on such theory. Box v. Word, 65 Texas, 159; Lee v. Yandell, 69 Texas, 34; Gulf, C. & S. F. Ry. Co. v. Kizziah, 86 Texas, 89; Edloff v. Mason, 79 Texas, 215; Gulf, C. & S. F. Ry. Co. v. Bunn, 41 Texas Civ. App., 503; Postal Telegraph Co. v. Levy & Co., 102 S. W., 134; Western Union Tel. Co. v. Tobin, 56 S. W., 540; McDonald v. McCrabb, 47 Texas Civ. App., 259.

The charge required the plaintiff not only to prove his own case, but to disprove the defendant's case, which was a greater burden than the law requires. This error was intensified by the fact that plaintiff was required to make such proof by a preponderance of the evidence. McKay v. Peterson, 113 S. W., 983.

Matters constituting only a partial defense were by the charge made to require a verdict for defendant. Medlin v. Wilkins, 60 Texas, 415; Galveston, H. & S. A. Ry. v. Kutac, 76 Texas, 478; St. Louis, A. & T. Ry. v. Taylor, 5 Texas Civ. App., 668; Dupree v. Texas & P. Ry. Co., 96 S. W., 647; McKay v. Peterson, 113 S. W., 983; New York & T. Land Co. v. Gardner, 25 S. W., 737; McKeen v. James, 23 S. W., 463.

*R. J. Boyle* and *Baker & Baker,* for appellee.—The opinion of Turner as an expert was admissible. Ilfrey v. Railway Co., 76 Texas, 64; Lawson on Expert Evidence, 36, 37; Wharton on Evidence, sec. 512,

note 10; College v. McHugh, 21 Texas, 257; Carroll v. Welch, 26 Texas, 147; International & G. N. Ry. Co. v. Klaus, 64 Texas, 294; Sabine & E. T. Ry. Co. v. Brousard, 69 Texas, 622; Gulf, C. & S. F. Ry. Co. v. Hepner, 83 Texas, 140.

The fact inquired about of witness McKeown was not to be proved by expert evidence. Randall v. Gill, 77 Texas, 354-5; Houston & T. C. Ry. v. Reason, 61 Texas, 616-17.

If the rental value of lands in question would have been affected, as claimed, by the water in question if appellee's railroad had not been built, appellant is not entitled to recover. Ilfrey v. Sabine & E. T. Ry., 76 Texas, 63; San Antonio & A. P. Ry. v. Kiersey, 98 Texas, 590.

No other verdict could properly have been rendered by the jury except one for the appellee, based upon the idea that appellant has not been prejudiced. Bowles v. Brice, 66 Texas, 731; Erwin v. Bowman, 51 Texas, 518; Galveston, H. & S. A. Ry. Co. v. Delahunty, 53 Texas, 212; City of Galveston v. Morton, 58 Texas, 416; Dotson v. Moss, 58 Texas, 155; Gaston v. Dashiell, 55 Texas, 520.

SHELLEY, ASSOCIATE JUSTICE.—Appellant instituted this suit against appellee for the recovery of damages alleged to have been sustained by him as a result of overflows of appellant's lands by the waters of Bullhide Creek, and consequential injury to the rental values of said lands, caused by the improper construction of appellee's railway across his lands and those contiguous thereto.

Appellant's petition alleged, among other things, that appellee constructed its railway in 1889, in a southerly direction across a strip of low land lying north of his land, and on and across his land; that a high embankment was erected for the roadbed of said railway across said flat strip of land, and was so constructed as to stop some of the channels of Bullhide Creek, which flowed through said strip of low land, and to stop the flowing of the water over said low land through its accustomed channels, and compelled it to flow through certain openings in said embankment provided therefor by appellee. That appellee negligently failed to construct openings in said embankment sufficient to provide for the ready and natural flow of the water as it had flowed previous to the construction of the railway, and failed to locate openings at such places as the natural lay of the land required for the unobstructed flow of the water. That, in the construction of said embankment, appellee caused to be cut along each side of said embankment ditches or borrow-pits, and that, as a result of this fact, a large part of the water of Bullhide Creek, instead of flowing across said flat as formerly, was caused to flow down said ditches or borrow-pits and through openings in said embankment, and discharged on appellant's land. Appellant further alleged that appellee constructed or permitted the construction of a dam or levee at the north end of said embankment, extending from said embankment in a southeasterly direction to the edge of appellee's right of way, and that such obstruction assisted in turning the water southward down the right of way, through the alleged borrow-pits, and ultimately on to the lands of appellee. Appellant further alleged that, because of the acts of appellee aforesaid, the waters of the creek were so concentrated and delivered upon his

land, and same was thereby so frequently inundated that he was unable to rent a large portion of it for the years 1900 to 1903.

Appellee's answer contained general demurrer, special exceptions, general denial and special pleas, setting up: (1) That it had nothing to do with diverting the waters of the creek from their accustomed channels; that before the construction of the railroad one Norwood had constructed a levee 1,800 feet long on the west line of his land, which adjoins appellee's right of way, thereby changing the course of said creek, and causing a part of the waters of the creek to flow along its right of way and in the direction of appellant's land; (2) that for several years after said railroad was constructed the waters of Bullhide Creek flowed as they formerly did, and until the main prong of the creek, immediately east of appellee's trestle at the north end of the embankment, was bridged by laying logs in the bed of the stream for purposes of a bridge, thus causing the waters in said prong of the creek to be diverted along a wagon road, which extended along the east side of the right of way until it reached the borrow-pits, and that each freshet gradually wore said wagon road until a channel was cut along said right of way, and in the direction of appellant's land. (3) That after the railroad was constructed one Ed Norwood constructed a levee just outside of the right of way, adjoining said alleged log bridge, to prevent water from flowing on his farm, which contributed also to the diversion of the water down the right of way; (4) that the channel of "Dry Branch," which is termed Bullhide Creek by appellant, was inadequate to carry the water of Bullhide Creek, and in all cases of overflow same ran down through the railroad trestles and on to appellant's lands; (5) that appellee had a trestle 650 feet in length at the north end of its embankment, under which there were no borrow-pits, and that the waters of "Dry Branch" passed through this trestle, and on the east side thereof, and divided into two prongs, one of which flowed eastward into the Brazos river, and the other southeast into "Bullhide Slough;" that the prong flowing eastward became filled up, and the natural trend and flow of the water being southeast, all of the water of said prongs then flowed southeast into Bullhide Slough, and ultimately onto appellant's land, and that the water would have so flowed had the acts complained of not been committed.

The case was tried before a jury and verdict was returned in favor of appellee railway company, upon which judgment was rendered by the court.

Appellant's first assignment of error complains of the action of the court in permitting appellee to offer the testimony of the witness Stephen Turner, to the effect that in his opinion appellant's land would have been overflowed by the same waters from Bullhide Creek, and appellant would have suffered the same damage as was complained of had the railroad not been built, because this matter was the very one in issue, and opinion evidence regarding same was not admissible for any purpose. The witness Stephen Turner was admitted by appellant to be a skilled civil engineer, and it was undisputed that he was very familiar with the lands of appellant and those contiguous thereto; that he had been chief engineer in the construction of the railway, had run numerous levels in and about the neighborhood of Bullhide Creek and

appellant's lands, and had determined various elevations therefrom, which would tend to show the course of the waters in question; and, in short, had made a careful and thorough investigation of the matters involved in the controversy, from a scientific point of view. From his qualifications as an expert engineer, and upon his investigations made of the matters in issue, his opinion was elicited, as complained of by appellant, to the effect that the lands of appellant would have been affected by the waters in the manner complained of, regardless of the construction of the railroad. We think the testimony was competent and admissible as that of an expert. The question involved was one as to which there was a sharp conflict in the evidence. Its solution properly involved the making of scientific investigations and deductions therefrom, and we can not say that the testimony complained of should not have been submitted to the jury for such weight as might be given it. (Texas & P. Ry. Co. v. Cochrane, 29 Texas Civ. App., 383, 69 S. W., 984; Bonner v. Mayfield, 82 Texas, 234; St. Louis, A. & T. Ry. Co. v. Johnston, 78 Texas, 536; Ilfrey v. Sabine & E. T. Ry. Co., 76 Texas, 63.) The first assignment is therefore overruled.

Appellant's second assignment of error complains of the action of the court below in excluding the testimony of McKeown Johnson, a witness for appellant, as to his opinion concerning the cause of the change of the course of the waters of Bullhide Creek, from where the witness testified the indications were that such waters had previously flowed, so as to flow down the railway right of way. The bill of exceptions upon which this assignment is predicated shows that, had the witness been permitted to testify, he would have said that, in his opinion, the change in the flow of such waters down the right of way of appellee was caused by the opening of borrow-pits of the railway company along the right of way, and toward appellant's lands. The evidence showed, without conflict, that the witness, McKeown Johnson, was a civil engineer of many years' experience; that he had done a great deal of railway construction in its various branches, and other work pertaining to his profession. Without reviewing the evidence on the subject as to the investigations made by this witness, as to which he testified in the trial below, and upon which his opinion was based, we will say that the record discloses facts showing such extensive investigations on the ground, running of levels and determining of elevations as, in our opinion, to sufficiently qualify the witness to give in evidence his opinion as an expert on the matter concerning which the testimony was offered. Appellee contends that the fact inquired about was not a fact to be proved by expert evidence, and that the jury were as capable of passing upon same as was the witness. To this proposition we can not accede. The evidence excluded was of the same character as that of the witness Stephen Turner, which is discussed above. The qualifications of the witness Johnson as an expert on the subject were equally as strong as those of the witness Turner, and, having held that the testimony of the latter was properly admitted, it could not be consistently said that the testimony of the former was properly excluded. We therefore conclude that appellant should have been permitted to introduce the testimony disclosed by the bill of exception,

and that the action of the court in sustaining the objection thereto was error, for which the case will have to be reversed.

In view of another trial, it is thought proper to notice the remaining assignments contained in appellant's brief.

The third assignment of error complains of the following charge, given at the request of appellee railway company: "If you find from the evidence that plaintiff's land was subject to overflow from the Brazos river, and that all damages, if any, to the rental value of plaintiff's land during the years 1900, 1901, 1902 and 1903 resulted from overflows in the Brazos river, and not from the waters of Bullhide Creek, as complained of in plaintiff's petition, you will find for defendant." It is contended by appellant that there was no evidence in the record to the effect that all of the damage to the rental value of his lands during the years in question resulted from overflows of the Brazos River, and that the charge complained of authorized a finding for defendant on such a theory. We think the assignment is not without merit, and that the charge, if not positively erroneous, is at least misleading and confusing, and, upon another trial, should be modified. While it might have been the theory of the court, in giving the charge in question, that overflows occurring in the Brazos river, whether during each of the years involved or not, may have been the cause of all the damages occasioned the rental value of appellant's lands during these years, yet, if the facts in evidence authorized a charge upon such theory, the one given does not clearly present the same. The charge here complained of is subject to the criticism that the jury might possibly infer therefrom that it was predicated upon the theory that the damage, if any, was caused by overflows of the Brazos River, during particular years in controversy, 1900 to 1903. The record does not show that appellant's lands suffered from overflows of said river during each of said years, and we think that upon another trial this charge should be so corrected as to eliminate any doubt as to the theory in the mind of the court upon which the instruction is based.

The fourth and fifth assignments of error urge that certain portions of the main charge are subject to the objection that same required of the plaintiff too great a burden in proving his case. The court in the fourth paragraph of its charge, in submitting to the jury the acts complained of in plaintiff's petition, as causing the damages for which recovery was asked, properly enumerated same, in the order in which they were pleaded, but instead of concluding the premise at that point proceeded as follows: "And you further believe from the evidence that the said water would not have flowed on plaintiff's land, or would not have flowed on same in such quantity or so frequently, but for its manner of construction and maintenance, or either, of defendant's roadbed or borrow-pits, . . . then, if you so find, you will find for plaintiff, and the burden of proof rests upon plaintiff to establish such facts, and the amount of the damages by a preponderance of the evidence." We think these assignments well taken. The plaintiff stated a good cause of action in the petition, and was entitled to recover of defendant, if he sustained the allegations made therein by a preponderance of the evidence. It follows that he was entitled to a charge to that effect. This the court did not give, but, by the language of his

charge, permitted the plaintiff a recovery only after he had proved, not only the allegations of his own pleading as to the cause of the damage in question, but also disproved, by evidence of a negative character, defensive matters pleaded by the defendant. The error in the charge here indicated is aggravated by the requirement that the burden of proof be upon the plaintiff to disprove such matters of defense by a preponderance of the evidence. (Stooksbury v. Swan, 85 Texas, 565.) Every material issue in the case was sharply contested, and the evidence pro and con concerning same was in hopeless conflict, and very voluminous, and in view of this fact it may be doubted if a charge upon the burden of proof at all, in view of such conditions, was proper. (Blum v. Strong, 71 Texas, 324; Texas & P. Ry. Co. v. Geiger, 79 Texas, 21.) Appellant presents other objections to this paragraph of the charge which we do not deem it necessary to discuss.

Appellant's sixth assignment of error attacks the sixth paragraph of the charge for the alleged reason that it singled out and submitted to the jury, in the disjunctive, various matters pleaded by the defendant, as to which there was evidence in the case, as being sufficient, if true, to warrant a verdict for defendant; whereas, certain of the matters pleaded were only alleged by defendant to have partially contributed to the diversion of the waters of Bullhide Creek. The only portions of the charge in question which are attacked by appellant in the proposition under this assignment are those pertaining to two certain levees built respectively, along the west side of the Norwood farm before the railway was constructed, and east of trestle 409 across appellee's right of way after the road was constructed. The question of the effect of these levees on the natural flow of the waters of Bullhide Creek was the subject of a great amount of conflicting testimony, but, taking it in the most favorable light to the appellee, we are unable to say that there was evidence sufficient to support a finding that the diversion of the waters in question which resulted from either of these obstructions was responsible for all the excessive overflows of plaintiff's lands, and all of the consequent damage to the rental value thereof. The charge, in effect, instructed the jury that if they believed from the evidence that either of these levees so changed, or contributed to the diversion of, the waters of Bullhide Creek, during the years 1900 to 1903, as to cause the damage complained of by appellant, and that the acts of defendant complained of did not contribute to same, and that plaintiff would have suffered the damage sustained by him, had such acts not been committed by appellee, in such event, to find for defendant. We think the charge is subject to the objection urged to it, and that the jury might reasonably have concluded, from disjunctive form in which the various matters of defense were stated, that a verdict in favor of the defendant would be authorized if any one or more of such defenses were established to their satisfaction, in connection with other elements as to which they were charged.

The seventh and last assignment of error complains of a portion of the fifth paragraph of the charge, wherein the jury are, in effect, instructed to find for defendant, if they believe from the evidence that if, after the waters of Bullhide Creek passed trestle 409, the creek divided into two prongs, one of which flowed easterly in the direction of

Bullhide Falls, and the other southeasterly in the direction of Bullhide Slough, and that the easterly prong became filled up and only conveyed a part of the waters of the creek in times of overflow, and that the natural trend of the water was southeasterly towards plaintiff's land, and caused the injury to the rental value thereof. It is contended that this instruction was erroneous because not supported by the evidence. We think it sufficient to say that the testimony on this question was conflicting, and we can not say that the charge was without evidence to authorize it, and therefore conclude that, under the circumstances, it was not subject to the objection urged.

For the reasons stated, we conclude that the judgment of the court below should be reversed and the cause remanded for another trial.

*Reversed and remanded.*