**WILLIS v. SMITH.**

No. 5311.

Court of Civil Appeals of Texas. Texarkana.

July 28, 1938.

Rehearing Denied Sept. 29, 1938.

Touchstone, Wight, Gormley & Price, of Dallas, C. W. Howth, of Beaumont, and Troy Smith, of Tyler, for appellant.

J. C. Epperson, of Mission, Pace, Goens & Park, of Tyler, and E. E. Fischer, of Houston, for appellee.

WILLIAMS, Justice.

Appellant, B. H. Willis, defendant below, appeals from a judgment rendered against him in favor of appellee, Alice Ruth Smith, plaintiff below, wherein she recovered damages for personal injuries sustained by her, and for the loss of her husband, growing out of a collision between two trucks on the Dixie Highway a few miles out of Tyler, Texas.

Plaintiff and her husband were riding in a Chevrolet gasoline truck operated by one C. W. Barron who was driving eastward towards Tyler for a load of gasoline. John Warner, an employee of defendant, driving westward from Tyler, was operating an International truck with a trailer attached loaded with pipe. The two trucks collided head-on near or on the crest of a small hill at night as they were proceeding in their respective directions. In the collision plaintiff's husband received injuries which resulted in his death. Plaintiff received various bodily injuries.

Plaintiff pleaded that the driver of the International truck was negligent in operating his truck, or part thereof, on his left-hand side of the road at and immediately before the collision. Plaintiff further alleged that this driver was guilty of other acts of negligence, specifying each. Defendant answered with general demurrer and denial, specially denying that his employee was guilty of negligence in any wise. Defendant pleaded that Barron, the driver of the Chevrolet, was negligent in driving on his (Barron's) left-hand side of the center of the highway at and immediately prior to the collision. He further pleaded that Barron was negligent of other acts, each being specified and enumerated in his pleadings.

Each question submitted by the court was predicated upon a specific act of negligence as pleaded by defendant. Each question was immediately followed by a conditional inquiry whether the jury found from a preponderance of the evidence that such act was the sole or only proximate cause of the collision. The jury found defendant's driver was operating his truck, or a part of it, upon his left-hand side of the center of the highway at and immediately prior to the collision, and that this negligence was a proximate cause of the injuries sustained. None of the other acts of negligence as pleaded by plaintiff was submitted to the jury. The jury found that Barron was not operating his truck, or part of it, upon his left-hand side of the center of the highway at and immediately prior to the collision. The jury answered the other defensive issues in favor of plaintiff, and also found that the collision was not the result of an unavoidable accident. Not any one of the findings of the jury is attacked.

■ The court refused to submit to the jury a special charge requested by defendant which reads: "Do you find from a preponderance of the evidence that the manner in which C. W. Barron drove his truck at and immediately prior to the time of the collision was not the sole proximate cause of said collision? Answer Yes or No." This requested charge is not based upon any pleading of the defendant. He did not plead general negligence. He pleaded specific acts of negligence and enumerated them, lettered from A to K, charging that Barron drove his truck over 45 miles per hour; excessive rate of speed under the circumstances; defective lights; defective brakes; failure to stop his truck before the collision; driving his truck on the left-hand side of the road, etc. The court submitted four of the specific acts charged. Defendant did not request the submission to the jury of any other specific act of negligence alleged by him, and there is no assignment which complains of the failure to submit an issue upon any specific act of negligence alleged. Defendant specified in his pleadings specific acts of negligence which in this form were submitted to the jury. The assignment is overruled. 41 Tex.Jur. p. 270; Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517.

■ Defendant excepted to special issues No. 15 and No. 16 in that each placed the burden of proof upon defendant. Special Issue No. 15, submitted to the jury and answered in the negative, reads: "Do you find from a preponderance of the evidence that at and immediately before the collision in question, the driver of the gasoline truck was operating it, or any portion of it, on his left-hand side of the center of the highway? Answer Yes or No." The jury was instructed that if they an-

swered that question "Yes", and in that event only, they should answer Issue No. 16, which reads: "Do you find · from a preponderance of the evidence that the operating of the gasoline truck at and immediately before the collision, or any portion thereof, on his left-hand side of the center of the highway (if it were so operated) was the sole, or only proximate cause of the collision in question? Answer Yes or No." Defendant contends that such burden of proof is upon the person (plaintiff) who asserts a cause of action based upon negligence of defendant. Special Issue No. 15 placed the burden of proof upon defendant to prove that. Barron so operated his truck. This alleged specific act of negligence inquired about in Issue No. 15 was a defense pleaded by defendant, and the burden of proof rested on defendant to· prove the affirmative of this issue. "The burden of proof rests upon defendant in those cases in which he seeks to overthrow the prima facie case made by plaintiff by proof of some affirmative substantive defense, or in other words to establish any affirmative defense upon which he relies to defeat recovery." 17 Tex.Jur. pp. 319–320, Sec. 95; Houston & T. C. Ry. Co. v. Stevenson, Tex.Com.App., 29 S.W.2d 995; Gurley v. San Antonio & A. P. Ry. Co., 58 Tex. Civ.App. 308, 124 S.W. 502; Chicago, R. I. & G. Ry. Co. v. Johnson, Tex.Civ.App., 224 S.W. 277; Montrief & Montrief v. Bragg, Tex.Com.App., 2 S.W.2d 276; Northern Texas Traction Co. v. Woodall, Tex.Com.App., 299 S.W. 220; Baker v. Beatty, Tex.Civ.App., 235 S.W. 971.

■ The jury found as a fact that Barron did not drive upon the left-hand side of the center of the highway. Hence is became unnecessary for the jury to determine in answer to Issue No. 16 whether such act was the sole proximate cause of the collision. And likewise the question whether the burden of proof was correctly placed in Issue No. 16 becomes immaterial to the disposition of this appeal and we pretermit a discussion of same. ·

■ The trial court instructed the jury: "This case is submitted to you upon special issues in the form of questions to be answered by you from the evidence submitted on this trial under the ruling of the courts * * *." Further in the charge the jury was instructed; "By a 'preponderance of the evidence' as used in any question asked is meant the greater weight and degree of credible testimony." Each question propounded read: "Do you find from a preponderance of the evidence that (then followed the remainder of the question)? Answer Yes or No." Defendant asserts that such instruction to answer each question either Yes or No is improper and that it destroys the court's instruction upon the burden of proof in that the latter instruction as· quoted above is calculated to cause the jury to believe that they must determine a "No" answer as well as a "Yes" answer from the preponderance of the evidence. This proposition here asserted has been decided adversely to defendant's contention in Psimenos v. Huntley, Tex.Civ.App., 47 S.W.2d 622, quoted with approval by the Supreme Court in Texas Employers' Insurance Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658. The assignment of error is overruled.

■ In submitting the question as to amount of damages sustained by plaintiff by reason of the injuries sustained by her, the court instructed the jury: "You may take into consideration the nature and extent of the injuries, if any, to her person, and any physical pain, if any, and any mental anguish, if any, which she has suffered and will suffer in the future, if any, as a direct result of the collision in question to her personally." Defendant by an exception contends that this charge permitted the jury to assess double damages. Medical testimony introduced detailed plaintiff's injuries to her head, body and limbs. This testimony was further to the effect that her mental condition was not normal, and she was in a state of melancholia, highly nervous, and that she had sustained a permanent injury to her nervous system. The charge as phrased has been approved in Gulf, C. & S. F. Ry. Co. v. Styron, 66 Tex. 421, 1 S. W. 161; Gulf, C. & S. F. Ry. Co. v. Brown, 16 Tex.Civ.App. 93, 40 S.W. 608, writ refused. See, also, 13 Tex.Jur. Sec. 260, p. 444 and authorities there cited. To discuss this assignment further would amount to repetition of the observations made in the foregoing decisions.

■ The trial court did not err in refusing to instruct the jury in connection with the issue in determining the amount of their award to plaintiff that they "should take into consideration the rate of interest at which money can be safely and securely invested, and determine the present value of any amount you may so allow by discounting the same or deducting therefrom annually an amount equal to the rate of

interest at which such sum could be safely and securely invested during the period for which you may allow such damages and make the balance your answer." The court asked: "What amount of money, if any, do you find from a preponderance of the evidence, if paid now in cash will fairly and reasonably compensate the plaintiff * * *?" This form of charge was approved in Hines v. Kelley, 252 S.W. 1033, by the Supreme Court and has been consistently approved by the courts of Texas since that time. This is not an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Defendant excepted to the trial court's definition of proximate cause in that it failed to include the element of "new and independent cause." In this connection defendant advances the proposition: "Where the evidence would authorize the jury to find that the sole cause of the collision between the two vehicles was the act of Barron in operating his truck (truck in which plaintiff was riding) upon the wrong side of the road, an issue of new and independent cause insofar as the negligence of defendant is concerned is in the case." Defendant in his brief states, and we agree with him, that: "The big issue in the case is whether or not Barron caused the head-on collision by driving on the wrong side of the highway, or whether or not defendant's employee caused the collision by driving on the wrong side." This record excludes any person, vehicle, agency, or matter that entered into the events or cause of this collision except that of the moving actors, Barron and defendant's driver. The acts or omission of these two actors can not be described as separate and independent agencies. If the collision resulted according to defendant's only theory, there could not possibly have been any connection to break insofar as defendant was concerned. Defendant did not plead or seek to prove any intervening cause. It is certain that the collision occurred either on the north or the south side of the marked center of the highway. The respective litigants undertook to prove that the other driver was on the wrong side. The jury found adversely to the contention of defendant and the finding is not attacked. We are of the opinion that the issue of new and independent cause was not raised by the facts in this record. The court did not err in omitting the element of new and independent cause in his definition of proxi-

mate cause. Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60; Young v. Massey, 128 Tex. 638, 101 S.W.2d 809.

Defendant pleaded that Barron was operating his truck on his left-hand side of the highway and alleged this was the sole proximate cause of the collision. These two issues were submitted to the jury. This was a clear-cut submission of everything which defendant under this proposition now contends constitutes a new and independent cause. A defendant in a suit has a right to have every defensive issue pleaded and proved submitted to the jury. "However, he only has the right of one submission, and if one submission is had, he cannot complain that the same defensive matters were not submitted in another form." Magnolia Petroleum Co. v. Owen, Tex.Civ.App., 101 S.W.2d 354, 359; Williams v. Rodocker, Tex.Civ.App., 84 S.W.2d 556; Dallas Ry. & Terminal Co. v. Little, Tex.Civ.App., 109 S.W.2d 289.

We find no error in the record, therefore the judgment of the trial court is affirmed.