## CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. R. S. THOMPSON.

### Decided December 4, 1909.

**1.—Evidence—Objection—Practice.**

In a suit for damages to a shipment of cattle plaintiff was allowed to testify that he received a certain amount net for his cattle when they were sold on the market; defendant objected to the testimony upon the ground that it was hearsay, plaintiff having already testified that he did not accompany his cattle to market, did not sell them himself, was not present when they were sold, and his only information as to the price for which the cattle sold was derived from the account sales. Held, the testimony was not subject to the particular objection made, and the Appellate Court will not consider any other.

**2.—Bill of Exception—Recital of Facts.**

Recitation or assertion by counsel of facts in bills of exception to the admission of testimony, must be verified by other parts of the bill in order to require consideration on appeal.

**3.—Brief—Statement of Evidence.**

When an assignment of error is based upon a supposed assumption of fact by the court in its charge, it should be made to appear by the statement under the assignment that such assumption was not warranted by the state of the evidence and was therefore prejudicial to the appellant.

Appeal from the County Court of Gray County. Tried below before Hon. T. M. Wolfe.

*N. H. Lassiter, Robert Harrison* and *Turner, Hendricks & Boyce,* for appellant.—There is no proper evidence in the record showing what, if any, loss the plaintiff sustained by reason of the alleged delay. There is no evidence showing what the cattle brought on the market, or whether they were sold for or above the market price. The introduction of the evidence objected to in this assignment was an attempt to get before the jury by hearsay testimony the amount the cattle sold for at Kansas City. The evidence is hearsay and not admissible. Ft. Worth & R. G. Ry. Co. v. Cauble, 41 Texas Civ. App., 348; International & G. N. Ry. Co. v. Startz, 97 Texas, 167; Gulf, C. & S. F. Ry. Co. v. Baugh, 42 S. W., 245.

The court erred in the second paragraph of his charge to the jury in that a double recovery of plaintiff's damage would be allowable thereunder, the jury being instructed that in addition to the difference of value or price of the cattle between the time they did arrive and the time when they should have arrived, plaintiff might recover the difference in shrinkage. International & G. N. Ry. Co. v. Butcher, 98 Texas, 463; Dallas Con. Elec. St. Ry. v. Rutherford, 78 S. W., 558.

*S. E. Boyett* and *R. E. Underwood,* for appellee.

CONNER, CHIEF JUSTICE.—We are of opinion that the judgment must be affirmed. While the fact that R. S. Thompson actually received the net sum of six hundred and seventy-one dollars and five cents would be incompetent as proof of what his cattle sold for on the market, it was certainly not hearsay, and no other objection appears to have been made to the testimony. The trial court's consideration of the exception was limited to the particular objection made (Rule 58, for District and County Courts), and obviously we should not go beyond it. See Rector v. Hudson, 20 Texas, 234; Wheeler v. Tyler Southeastern Ry. Co., 91 Texas, 356, and cases cited on pages 359-360. The first assignment is accordingly overruled.

The second and third assignments are overruled on the ground that the bills of exceptions to the evidence therein complained of fail to show error in the court's rulings. The statement in bill of exception number 3 that the witness "had already testified that he did not accompany the shipment," etc., and in bill number 4 that the grade of appellee's cattle had not been shown, and that the copies of the "Daily Drovers' Telegram" had not been authenticated, appear merely as assertions of counsel in stating the grounds of objection, and are not otherwise shown in the bills to be true. It has often been held that the recitation of facts in objections to testimony must be verified by other parts of the bill in order to require consideration on appeal.

See Anderson v. Anderson, 23 Texas, 640; Terrell v. McCown, 91 Texas, 231; dissenting opinion in Waggoner v. Dodson, 68 S. W., 817; s. c., Supreme Court, 96 Texas, 6-18.

The charge of the court is by no means perspicuous, but the objections thereto in the fourth and fifth assignments hardly require, we think, a reversal of the judgment. By the first paragraph of the charge the jury, in order to find for appellee at all, were required to find not only that appellee's cattle "lost weight" because of negligent delay, but also that appellee thereby "lost on the difference of price in the market." The charge, therefore, in submitting the measure of damage that, "If you find that plaintiff is entitled to recover damages under the foregoing paragraph, then the measure of his damages would be the difference of market value of prices from Tuesday until Friday, and the difference in shrinkage by such delays," is not on the weight of the testimony in that both elements were submitted. If so, in assuming that the cattle should have sold on Tuesday's market and were sold on Friday's market, nothing is pointed out in the statements under these assignments that shows the assumptions to be prejudicial. In other words, the statement fails to show what other day, if any, than Tuesday was the proper day of sale, or that market prices were materially different, on the several days between Tuesday and Friday.

The same character of answer must be made to the remaining assignment, complaining of the rejection of special charge number one. The statement sets out the rejected charge only. If facts existed rendering its rejection prejudicial, they should have been pointed out, especially in view of the court's charge which substantially, if inartistically, placed the burden of proof upon appellee to prove negligence.

We conclude that the judgment should be affirmed, and it is so ordered.

*Affirmed.*