CLARK v. STATE. (No. 8401.)

(Court of Civil Appeals of Texas. Ft. Worth. June 17, 1916. Rehearing Denied Oct. 21, 1916.)

1. APPEAL AND ERROR ⬧=>1036(2)—HARMLESS ERROR—MISJOINDER OF PARTIES.

Where the state brought suit to recover taxes assessed for school purposes for the use of a school district, and the district, the proper party and in whose favor the judgment was rendered, came in by trial amendment, error, if any, in the joinder of the state as plaintiff was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4070; Dec. Dig. ⬧=>1036(2).]

2. APPEAL AND ERROR ⬧=>1041(2) — AMENDMENT OF PLEADING—HARMLESS ERROR.

It was harmless error to overrule an exception to an amended petition because it did not specifically designate the pleading amended by giving the date the same was filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4107; Dec. Dig. ⬧=>1041(2).]

3. APPEAL AND ERROR ⬧=>938(3)—RECORD—RECITALS OF FACT—PRESUMPTION.

Where the bill of exceptions on appeal from a judgment for the amount assessed for school purposes did not contain any statement that as a matter of fact there had been no proof that a petition for the incorporation of the district had been signed as required by statute, or that there was no proof of an order of the commissioners' court of a county for an election to determine incorporation as urged by the objection, the presumption was to the contrary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3799, 3801, 3802; Dec. Dig. ⬧=>938(3).]

4. SCHOOLS AND SCHOOL DISTRICTS ⬧=>27 — INCORPORATION—PROOF.

The order of the commissioners' court of a county declaring the result of an election to determine whether a free school district should be incorporated, was prima facie proof of the fact that it was duly incorporated, in the absence of

any contention to the contrary by some character of proof or pleading, especially where the objection urged was merely a collateral attack upon such corporation.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 45; Dec. Dig. ⬧=>27.]

5. APPEAL AND ERROR ⬧=>690(4) — ASSIGNMENTS OF ERROR—ADMISSION OF EVIDENCE—BILL OF EXCEPTIONS.

Where the bill of exceptions did not show whether an order admitted in evidence was in fact such as the bill recited, and there was no citation to the statement of facts which could be identified as that referred to in the bill, an assignment of error in its admission will be overruled, as also assignments of error to the admission of a notice of such election and an order levying a tax therefor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2899; Dec. Dig. ⬧=>690(4).]

6. APPEAL AND ERROR ⬧=>736—ASSIGNMENTS OF ERROR—MULTIFARIOUSNESS.

An assignment of error grouping all the questions raised by several assignments and again urging error was multifarious, and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. ⬧=>736.]

7. APPEAL AND ERROR ⬧=>743(1) — ASSIGNMENTS OF ERROR—REFERENCE TO STATEMENT OF FACTS.

An assignment of error not followed by any special reference to the statement of facts verifying the contention will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2999; Dec. Dig. ⬧=>743(1).]

Appeal from District Court, Erath County; J. W. Oxford, Judge.

Suit by the State of Texas, for the use and benefit of the Lingleville Independent School District, against G. W. Clark. Judgment for plaintiff, and defendant appeals. Affirmed.

J. T. Daniel, of Stephenville, for appellant. Chandler & Pannill and J. A. Johnson, all of Stephenville, for the State.

DUNKLIN, J. This suit was instituted against G. W. Clark to recover the sum of $24.64, taxes which had been assessed for school purposes, due the Lingleville independent school district, situated in Erath county, and from a judgment in favor of the school district against the defendant for the amount sued for he has appealed.

The suit was first instituted by the state of Texas for the use of the school district,[†] and several assignments of error are presented to the order of the court overruling a general demurrer and special exceptions to the petition, upon the ground that, as the school district was a duly incorporated body and authorized by statute to sue and be sued in its own name, the suit could not be maintained in the name of the state, for the use of the district. It appears that after the exceptions were filed, and before they were presented to the trial court, the plaintiff filed a trial amendment in which the school district made iself a party plaintiff, adopt-

---

ing the pleadings already filed in its behalf, and in its own name sought a recovery.

[1] Even though it should be said that the state could not maintain the suit for the use and benefit of the school district, the proper party came in by the trial amendment, and in whose favor alone the judgment was rendered, and even though it should be said that the joinder of the state as plaintiff with the school district was an improper joinder, the error, if any, in the ruling was harmless to the defendant, and presented no reversible error. Western National Bank v. T. C. U., 176 S. W. 1194, and authorities therein cited; S. A. S. Ry. Co. v. Helm, 64 Tex. 147. Accordingly all of the assignments of error noticed above are overruled.

[2] It was also harmless error to overrule an exception to the amended petition because it did not specifically designate the pleading amended by giving the date the same was filed.

The defendant also presented several other special exceptions to the plaintiff's petition for lack of certain allegations, such as the purpose for which the taxes were assessed, the holding of the special election authorizing such tax, the appointment of a board of equalization to equalize the taxes so assessed, etc., and assignments of error have been presented to the action of the court in overruling those exceptions. As all of those supposed deficiencies of allegation were supplied in the trial amendment filed by plaintiff, there is no merit in those assignments.

[3, 4] Plaintiff introduced in evidence an order of the county judge of Erath county declaring the result of an election held for the purpose of determining whether or not the free school district should be incorporated; the result so declared being in favor of such incorporation. The defendant objected to the admission of that testimony upon the ground that there was no proof of a petition for such an election signed by 20 tax-paying voters as prescribed by statute, and upon the further ground that there was no proof of any order by the commissioners' court of Erath county for such an election. The bill of exception does not contain any statement that the grounds of objection were in fact true; in other words, that as a matter of fact there had been no proof upon the points in question, as urged by the objection, and, in the absence of some such statement, the presumption will be to the contrary. Terrell v. McCown, 91 Tex. 231, 43 S. W. 2; C., R. I. & G. Ry. Co. v. Thompson, 58 Tex. Civ. App. 134, 124 S. W. 144. This of itself would be sufficient ground for overruling the assignment now under discussion. Furthermore, we are of the opinion that, in all events, the order of the court declaring the result of the election was sufficient proof prima facie of the fact that

the school district was duly incorporated under the statute, in the absence of any contention to the contrary by some character of proof or pleading, especially as the objection urged was merely a collateral attack upon such corporation. City of El Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25. And this conclusion is a sufficient answer to several other assignments in which complaint is made of the admission in evidence of a written notice of an election for such incorporation; of the testimony of the witness Frank Grisham that the school trustees did organize; of a book kept by the board of trustees; and an order for an election to vote upon the issuance of bonds for the school district.

[5] By another assignment of error it is insisted that the court erred in admitting in evidence an order for an election to vote upon the issuance of bonds in the school district, the ground alleged in the bill of exception being:

"Because said order authorized an election to determine whether a tax of a higher rate than 50 cents on the $100 worth of property in said district shall be levied on all taxable property in said district, and because said order is not authorized by law."

Whether or not the order so introduced was in fact such as recited in the bill of exception does not appear in the bill itself, and we are cited to no page in the statement of facts where the order could be identified as the one referred to in the bill. Accordingly the assignment of error is overruled, even though it could be said to be otherwise meritorious, a fact which we are not called upon to determine; and for like reasons the further assignments of error to the admission in evidence of a notice of such election and the order of the school district levying the tax for such election are overruled.

[6] By the twentieth assignment all of the questions raised by the preceding assignments are grouped and again urged, and which, of course, render the assignment multifarious, and hence it cannot be considered.

[7] By another assignment it is insisted that there was no proper equalization of taxes, but the assignment is not followed by any special reference to the statement of facts to verify that contention, and therefore the assignment cannot be considered.

Judgment is affirmed.