## SKIPPER v. JACKSON.

### No. 4551.

Court of Civil Appeals of Texas. Texarkana.
Dec. 13, 1934.

McGaw, Mitchell & Harrington, of Longview, for appellant.

Slay & Simon, of Fort Worth, for appellee.

SELLERS, Justice.

J. F. Jackson brought this suit in the district court of Gregg county against B. A. Skipper to recover a commission of $2,500 alleged to be due him under a contract with B. A. Skipper whereby he (Jackson) was to secure a purchaser who was ready, willing, and able to buy a certain oil and gas lease on thirty-five acres of land in Gregg county at the agreed price of $1,000 per acre by 6 o'clock on the evening of May 14, 1931. It is further alleged that in pursuance of said contract the plaintiff secured a purchaser for the lease within the time agreed upon who was willing, ready, and able to purchase said lease. The defendant's answer, among other matters, set up that the plaintiff was to secure a purchaser who would buy said lease subject to a claim of one N. B. Anderson against the title of the land covered by said lease. The court submitted the following issues to the jury:

"No. 1: Do you find from a preponderance of the evidence that on or about the 13th day of May, 1931, the defendant, B. A. Skipper, agreed with the plaintiff, J. F. Jackson, that if the said Jackson would procure a purchaser by six o'clock on the evening of May 14th, 1931, who was ready, willing and able to purchase the lease involved in this suit on the terms and conditions stipulated at the time by the said Skipper that he, Skip-

per, would pay Jackson the sum of $2500.00 commission?" Answer: "Yes."

"No. 2: Do you find from a preponderance of the evidence, that at the time Skipper and Jackson made the agreement inquired about in Special Issue No. 1, provided, of course, that you have found such agreement was made, that the said Skipper informed the said Jackson that he was to procure a purchaser able, willing and ready to buy the lease subject to the Anderson claim?" Answer: "No."

"No. 3: Do you find from a preponderance of the evidence that the defendant, Jackson, procured on May 14, 1931, a purchaser who was ready, willing and able to purchase the lease from Skipper on the terms and conditions agreed upon between Jackson and Skipper?" Answer: "Yes."

In accordance with the jury's verdict, the court entered judgment for the plaintiff for the sum of $2,500, and the defendant has duly prosecuted this appeal.

Appellant has a number of assignments of error which complain of misconduct of the jury and improper argument of counsel. This court is of the opinion that the argument complained of in appellant's fiftieth assignment of error is such as to call for reversal of the judgment, and the other assignments complaining of misconduct of the jury and argument of counsel will not be considered, as the conduct and argument complained of will not likely occur on another trial. Bill of Exception No. 26, upon which the fiftieth assignment is based, is as follows:

"Be it remembered that upon the trial of the above entitled and numbered cause while W. H. Slay, counsel for plaintiff, was making the closing argument to the jury, the following proceedings were had, to-wit:

"The said W. H. Slay, counsel for plaintiff, made an improper argument not authorized by the rules of argument: That said argument was not justified by any evidence in the case and was not in reply to any argument or provocation whatever from counsel for defendant, and was highly improper, inflammatory and prejudicial to defendant's case, and because in his argument the plaintiff's attorney plead to the jury to give his client, Jackson, calling him a 'poor old man,' the $2500.00 that he had worked for and send him back to his wife and hungry babies and make their hearts glad, and in telling the jury what they had to do to answer these questions in order to render a verdict for the plaintiff, and that said argument had the effect upon the jury and caused them to answer the questions as the plaintiff's attorney told them to and disregard their instructions wherein the court told them that they would answer and determine from the evidence submitted before them the answers to the special issues, irrespective of any effect your answers may have upon the rights of the parties or to the judgment to be rendered herein; and that further said argument before the jury by plaintiff's counsel appealed to the prejudice and sympathy of the jury in picturing plaintiff, Jackson, as a poor man and defendant, Skipper, as a rich man, and appealing to their prejudice and sympathy in taking away money from a rich man and giving it to a poor man, and in attempting to influence the jury to disregard the evidence in the case but by appealing to their prejudice and sympathy to cause them to render an improper, impartial and unfair verdict, and that said argument did have the effect that was intended by plaintiff's counsel, both as to appealing to their prejudice and sympathy and causing them to render a verdict for plaintiff as a poor man and against the defendant as a rich man, and causing them to, so frame their answers and answer the special issues in order to give plaintiff a verdict, which was unfair and improper verdict; said statements and argument being as follows:

"'Now, gentlemen of the jury, Mac told Jackson that he was entitled to that money, and that Skipper would have to pay it, and Skipper will have to pay it, because this jury of twelve of our good citizens will make him do it. Now, if you gentlemen want to see justice done and give this man, poor old man Jackson, the $2500.00 that he worked hard for and send him back to Fort Worth to his wife and daughters and make their hearts glad, then you will answer the first question "Yes," the second question "No," and the third question "Yes." Answer them "Yes," "No," and "Yes."'

"And such argument as so given appears on page 39 of the transcript.

"To which action and ruling of the court the defendant then and there in open court at the time thereof and after such argument was made, excepted."

We think this argument was calculated to, and in the light of this record probably did, cause the jury to first agree on the result they wished to accomplish by their answers and then designedly form said answers so as to accomplish such result. The making of such an argument has been held reversible error in the case of McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213.

The argument further instructed the jury how to answer the issues submitted in order to return a verdict in favor of appellee. And under the above authority such argument is reversible error, unless such issues are so simple that a layman of ordinary intelligence would readily understand the legal effect of the answers to such issues, and we are not prepared to say that they come within this exception. Appellee's attorney must not have considered the effect of the jury's answers to the issues as being so easily understood, or else he would not have made the argument complained of.

Appellant has a number of other assignments which this court has considered, and same are overruled without a detailed discussion of each.

The judgment of the trial court will be reversed and this cause remanded.