## DEMERITT v. BADE.

No. 4676.

Court of Civil Appeals of Texas. Amarillo.

Nov. 9, 1936.

J. M. Shamblin and H. W. Carothers, both of Houston, for appellant.

Robert L. Sonfield, of Houston, for appellee.

HALL, Chief Justice.

The appellee filed this suit, alleging that he was the owner of certain personal property located upon rented premises in Houston; that on February 6, 1935, the

defendant negligently and in violation of article 1330 of the Penal Code undertook to burn weeds, grass, etc., on adjacent property; that the fire spread to plaintiff's property, through the negligence of defendant, and destroyed it; that said property had been in plaintiff's possession for some time, and was secondhand property, consisting of household goods, furniture, etc., shown by the exhibit attached to the petition. The allegation with reference to its value is as follows: "Said property had no market value and cannot be reproduced or replaced; that, however, same was of considerable value and also intrinsic value to plaintiff; * * * that the value of said property is $551.15."

The defendant answered by a general demurrer, general denial, and pleaded contributory negligence on the part of plaintiff.

In response to special issues, the jury found that defendant willfully set fire to the brush, grass, and weeds on the vacant lot adjoining plaintiff's premises; that the defendant negligently permitted said fire to spread to the premises occupied by plaintiff; that the act of defendant in setting fire to the grass, weeds, and brush was the proximate cause of the burning of plaintiff's garage and the destruction of plaintiff's property stored therein; that the reasonable value of plaintiff's property in the garage was $375. They found for plaintiff on the issue of contributory negligence, and judgment was entered against the appellant in accordance with the verdict.

The first assignment of error is that the court erred in permitting Bade, over the objections of defendant, to testify to the value of the personal property destroyed by fire, without having laid a predicate therefor, and without offering any proof to show that said property had no market value or actual value.

█ It is settled in Texas that where secondhand goods have been injured or destroyed, it is not necessary to either allege or prove the market value. The allegation in this case is that the value of said property is $551.15. There was no exception to such allegation. While it was unnecessary, plaintiff also alleged that the property had no market value and could not be reproduced or replaced. Under a general allegation of value, the injured party can introduce testimony showing the actual or intrinsic value.

As said in Black v. Nabarrette (Tex. Civ.App.) 281 S.W. 1087, 1089:

"The true measure of damages [where household goods and kitchen furniture has been destroyed] is the actual worth or value of the secondhand articles to their owner at the time they were destroyed by fire." ·

█ In this case the petition describes the articles in detail, and plaintiff testified as to the value of each item.

This court said in Pecos & N. T. R. Co. v. Porter, 156 S.W. 267, 271:

"We think the witness showed himself qualified by his positive statement that he knew the value. Reference to the petition shows that he did not sue for the market value, but the allegation is one of 'value' in general terms."

See, also, International & G. N. Ry. Co. v. Nicholson, 61 Tex. 550; Wutke v. Yolton (Tex.Civ.App.) 71 S.W.(2d) 549; Pecos & N. T. R. Co. v. Grundy (Tex. Civ.App.) 171 S.W. 318. This assignment is overruled.

█ The second proposition is:

"Where an act of negligence is based upon alleged violation of a penal statute, it must clearly appear that the act complained of is reasonably within the contemplation of said penal statute in order to make a violation thereof negligence per se."

This proposition is a mere abstraction, complains of no error committed by the court, or any one else, and will, therefore, not be considered.

This is the third proposition:

"Where the court submits an issue containing legal terms or parts of a statute which requires definition, the definition given must be sufficient to enable the jury to intelligently answer the issue as submitted, and the definition of the word 'wilfully' as used in the charge of the court is misleading and legally insufficient to properly direct the jury as to what they should consider in answering the issue submitted."

The first issue is:

"Do you find from a preponderance of the evidence that the defendant wilfully set fire to the brush, grass and weeds on the vacant lot adjoining the premises occupied by plaintiff?"

Article 2189, Revised Statutes, provides:

"In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

Plaintiff seems to have taken into consideration a part of article 1330 of the Penal Code, which provides that:

"Whoever * * * wilfully or negligently suffers any fire set by himself to damage any property of another * * * shall be fined not less than ten nor more than two hundred dollars."

We assume that plaintiff's intention was to show a violation of this statute in order that the act of the defendant would be negligence per se. The plaintiff alleges that:

"The defendant in a grossly negligent, wilful and careless manner, and in violation of law, and particularly in violation of article 1330 of the State Penal Code, lighted a fire on the adjoining vacant property for the purpose of burning weeds," etc.

■ The defendant admits setting fire to the grass, brush, and weeds. The plaintiff's wife testified to the same fact, so it was not controverted, and because the testimony shows negligence, the first issue becomes immaterial, in view of the fact that in response to the second issue the jury found that the defendant negligently permitted said fire to spread to the premises occupied by plaintiff.

■ While it is necessary to define "willfulness" in criminal actions arising under this statute, we doubt the necessity of defining the word in cases of this character. The courts hold that the meaning of a statute which is indefinite and uncertain (its meaning not being apparent to lay minds) should be defined, but there is nothing indefinite and uncertain even if it should be held that the word "willful" and the first issue were necessary. We are strongly inclined to the opinion that in cases of this character it is not necessary to define the word "willful" because, under the facts shown here, it has no technical or legal meaning aside from its ordinary meaning. It is held that not all legal terms used in submitting issues need to be defined in every case. It is only when under the facts presented definitions are necessary to enable the jury properly to pass upon the questions and render a verdict upon the issues submitted that they are required. 41 Tex.Jur. 1158,

§ 314. The text quotes, citing several cases, as follows:

"In the nature of things the statute has not attempted to declare what legal terms 'shall be explained or defined' further than 'which shall be necessary to enable the jury to properly pass upon and render a verdict on such issues.' Reasonable necessity, considering the term or terms used, then should be the test. Ordinary words of simple meaning, of course, need not be defined, but those terms. which in law have a distinct, fixed meaning which an ordinary person would not readily understand should, upon proper request, be defined. This is recognized in the universal practice in negligent cases of the giving of a definition of such terms as 'ordinary care', 'negligence', 'proximate cause', 'unavoidable accident', and the like."

Again, it is said in that section that:

"The undisputed testimony may render it unnecessary to define some legal terms, and a term which at times should be defined may, in view of the context of the issue, convey its meaning without explanation. Furthermore, when the evidence clearly discloses the meaning of a term, it need not be defined. * * * It is not reversible error to fail to define terms used in an immaterial issue."

■ While the plaintiff did allege that defendant's acts were willful and grossly negligent, he did not seek to recover exemplary damages. He prays for only actual damages. No. evidence was introduced as a basis for assessing exemplary damages by the jury, so the context of the issue and the abandonment of the claim of willfulness by failing to introduce testimony thereon results in the first issue being wholly immaterial. That is to say, in submitting the issue of willfulness, the court has submitted an issue not supported by any testimony in the record. City of Wichita Falls v. Phillips (Tex.Civ.App.) 87 S.W.(2d) 544; Fort Worth & D. C. R. Co. v. Rogers (Tex. Civ.App.) 62 S.W.(2d) 151; Wichita Falls & S. Ry. Co. v. Hamilton (Tex.Civ. App.) 37 S.W.(2d) 755; North Texas Traction Co. v. Jenkins (Tex.Civ.App.) 266 S.W. 175.

We are further inclined to the opinion that in so far as the petition seeks to base a recovery upon a violation of a penal statute, the allegation may be considered surplusage. Aside from the reference to the penal statute, the petition is. sufficient

to entitle plaintiff to recover upon an allegation of negligence, and the evidence, as shown by the findings of the jury, sustain that part of plaintiff's pleading. It is uniformly held that the correctness of a definition, when one is required, depends upon the facts of the case, and in the absence of a prayer for exemplary damages, or evidence tending to show vindictiveness, there are no facts requiring a definition of willfulness, and this assignment is overruled.

The fourth and fifth propositions are mere statements of abstract principles of law, and are not entitled to consideration.

No reversible error is shown, and the judgment is affirmed.