## NORTH EAST TEXAS MOTOR LINES, Inc., v. HODGES.

### No. 12875.

Court of Civil Appeals of Texas. Dallas.

April 27, 1940.

Rehearing Denied June 8, 1940.

Truett & Truett, of McKinney, and R. T. Bailey, of Dallas, for appellant.

John W. West and W. H. Hall, both of Dallas, and Smith & Dowdy, of McKinney, for appellee.

YOUNG, Justice.

The action below was for damages, by J. L. Hodges against appellant company, alleged to have resulted from defendant's negligence in the operation of one of its trucks within the corporate limits of McKinney. Personal injuries were suffered by plaintiff's wife, as well as property damage to the truck driven by Mr. Hodges.

Plaintiff alleged generally that: U. S. Highway No. 75, leading to Dallas, passes through the City of McKinney and, from the public square thereof south to the City limits, traverses Tennessee Street, a paved thoroughfare approximately 36 feet wide; that on November 24, 1936, shortly after sundown, he was en route to Dallas, driving his truck and accompanied by his wife, when he suddenly became blinded by the lights of a car coming from the opposite direction; that he collided with the rear of defendant's truck, negligently parked, as plaintiff claimed, on the street; charging various infractions of the Penal Code with respect to the location of the motor company's said vehicle. Facts constituting negligence, both direct and contributory, were plead by the parties, being concisely reflected by the following jury answers: (1) That the rear of defendant's truck was parked three feet from the west curb of South Tennessee Street at the time, which was negligence, and a proximate cause of the collision; (2) that defendant's truck was so parked without headlights burning, being negligence, and a proximate cause of the resulting injuries; (3) that defendant's truck was without any rear or tail-light burning at the time, which was negligence, and a proximate cause of the collision; (4) that defendant's driver stopped his truck at said place more than thirty minutes after sundown, and as long as fifteen minutes before the collision; (5) failure of defendant's driver to place flares on the highway was a proximate cause of the collision; (6) that immediately before the collision, plaintiff became blinded by the lights of an on-coming car, but such was not a new and independent cause of the collision; (7) that plaintiff's failure to drive clear of defendant's truck, to the left thereof, was not negligence; (8) that the truck driven by plaintiff was equipped with adequate headlights, then burning; (9) that both plaintiff and his wife were keeping a proper lookout for vehicles parked on said street; (10) that plaintiff had the truck he was driving under proper control; (11) plaintiff was driving twelve miles per hour immediately before the collision, which was not negligence, or a proximate cause; (12) that Mrs. Hodges warned plaintiff of the presence of defendant's truck prior to the collision; (13) plaintiff's failure to stop his truck when he became blinded by the lights of the car approaching from the opposite direction was not negligence; (14) the collision was not the result of an unavoidable accident; (15) the reasonable cash market value of plaintiff's truck before and after the accident was $600 and $100. Compensation for injuries to plaintiff's wife were fixed at $5,000. Following a judgment against it of $5,500, appellant has duly appealed in numerous assignments, the propositions therein complaining,—(1) of the court's failure to submit "sole proximate cause" in connection with certain primary issues

touching the conduct of plaintiff; (2) of improperly placing the burden of proof on defendant in fact issue No. 13 (new and independent cause); and of upsetting such burden in issue 22 (unavoidable accident); (3) refusal to submit particular issues requested by defendant; (4) alleged error in using the phrase "a proximate cause" instead of "proximately contributing to cause", following issues involving plaintiff's negligence; (5) error in admitting plaintiff's testimony as to the cash market value of his truck.

■■ The trial court did not err in refusing defendant's requested issues on "sole proximate cause". In the charge were various fact questions concerning plaintiff's acts or omissions, and whether same constituted "a proximate cause" of the collision. Affirmative answers to the issues submitted would have been a complete defense to plaintiff's claims, without visiting upon defendant the more onerous burden of securing findings on "sole proximate cause". The requested issues become immaterial in a two-party lawsuit where, as here, the negligence of the husband is imputed to the wife, and where, as the court charged, the particular act or omission need not be the sole cause, but may be only a concurring cause, which contributed to produce the resulting injury. Houston Electric Co. v. Settle, Tex.Civ.App., 51 S. W.2d 648; Carter v. Ferris, Tex.Civ.App., 93 S.W.2d 504; 30 Tex.Jur., Negligence, p. 694, Sec. 42. Defendant cannot complain when the issues submitted were more favorable than those embodied in its request; it thereby suffered no prejudice and was deprived of no right. 3 Tex.Jur., Appeal and Error—Civil Cases, Sec. 890, p. 1271.

■ In proposition seven, appellant contends that the burden of proof was improperly placed upon it in issue 13, reading: "Do you find from a preponderance of the evidence that the blinding headlights of the automobile that J. L. Hodges met immediately prior to the collision in question was a new and independent cause of the collision in question?" Defendant company expressly plead in defense the facts comprehended in the issue just stated. The term "new and independent cause" was defined in the court's charge in connection with "proximate cause". Plaintiff had discharged the duty incumbent upon him on the whole case, by securing findings from the jury about defendant's negligence that excluded the theory of new and independent cause. When defendant sought to utilize the same as an affirmative defense, the burden was upon it to establish the fact, similar to the burden imposed upon the motor company in the submission of its other defenses. Dallas Ry. & Terminal Co. v. Stewart, Tex.Civ.App., 128 S.W.2d 443. While on the subject, we also overrule appellant's further proposition, that the court's submission of issue 22 required of it a showing "by a preponderance of the evidence that the collision in question was the result of an unavoidable accident." The grounds of complaint are quite similar to those urged by the appealing party in McClelland v. Mounger, Tex.Civ.App., 107 S.W.2d 901, dismissed by agr. The trial court submitted the question in almost the identical language of Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956. Judge Taylor, in Gulf, C. & S. F. Ry. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 116 A.L.R. 795, suggested an improved form for this rather troublesome issue, but in no sense did the Supreme Court disapprove the earlier ruling. Hence, the court's manner of submitting the particular question should not be deemed objectionable. Jackson v. Edmondson, Tex.Civ.App., 129 S.W.2d 369, Syl. 7; Traders & General Ins. Co. v. Jaques, Tex. Civ.App., 131 S.W.2d 133, Syl. 12.

■■ Appellant urges error in the failure to submit issue 7, viz: "Do you find from a preponderance of the evidence that immediately prior to the collision in question. J. L. Hodges was operating his truck at such a rate of speed as that he could not stop it within the range of his vision?"; and issue 12, inquiring if, immediately prior to the collision, plaintiff failed to reduce the speed of his truck upon meeting an automobile with blinding lights, approaching from the opposite direction. Collateral thereto, were issues of whether such constituted negligence, and, if so, proximately contributed to cause the collision. We think the fact elements of the requested issues were fairly embodied in the issues given by the court. Certainly No. 12 above, referred to plaintiff's lack of proper control over his truck; and No. 7 involved not only this element (proper control) but also plaintiff's inability to see, and stop his truck. Said charge presents all of such facts, as will be seen by a study thereof, and the issues touching plaintiff's

conduct at the time. The former issue (No. 7) is also multifarious and somewhat indefinite. Its refusal by the court is not considered error.

■ ■ It is strongly contended under many propositions, that the court's charge imposed upon appellant a greater burden than required by law; arguing that the fact questions concerning the negligence of plaintiff and wife were followed by issues inquiring whether same was "a proximate cause" of the collision; that a complete defense to plaintiff's cause of action is shown, if any of the alleged acts or omissions on the part of Mr. and Mrs. Hodges "proximately contributed to cause" the resulting injuries; and the court erred in refusing all issues wherein its defense was so worded and limited. The language "proximately contributed to cause", as contained in the issues, was designed to elicit jury answers involving contributory negligence: i. e., whether plaintiff was guilty of acts or omissions amounting to a want of ordinary care, as, concurring or co-operating with the negligent acts of defendant, were the proximate cause of the injuries complained of. We think all the elements contended for by appellant had been already presented by the court. After defining "ordinary care" and "negligence", and in connection with the term "proximate cause", the jury was instructed, "It need not be the sole cause, but it must be a concurring cause which contributed to the production of the result in question, and but for which the said result would not have occurred." Under such instruction, the jury was privileged to find against plaintiff, if either he or his wife was guilty of any act of negligence which proximately contributed to cause the collision; and appellant's apprehensions to the contrary are groundless. As pointed out by appellee, it is to be presumed that the jury understood and followed the court's full definition of proximate cause, and applied the test thereof to each defensive issue answered by them.

■ ■ Lastly, appellant predicates error in the trial court's admission of evidence from the plaintiff as to cash market value of his truck before and after the collision, because (it is argued) the witness was shown to be no more qualified than the jurors to give such evidence. Mr. Hodges said, unconditionally, that he knew second-hand values at the particular time and place. This seems to be sufficient, at least to invoke the discretion of the court, and, if admitted, after full direct and cross-examination, becomes a question of the weight the jury sees fit to place upon it. Foster v. Burgin, Tex.Civ.App., 244 S.W. 244; City of Waco v. Roberts, Tex.Civ. App., 12 S.W.2d 263; Ft. Worth & D. C. Ry. Co. v. Hapgood, Tex.Civ.App., 210 S. W. 969; City of Trinity v. McPhail, Tex. Civ.App., 131 S.W.2d 803, Syl. 4; or, as briefly stated in 19 Tex.Jur., Expert and Opinion Evidence, Sec. 141, p. 218: "Where a witness swears positively to the market value of an article the fact that his testimony tends to show that he does not in fact know the market value merely weakens his estimate and leaves it to be weighed by the jury."

We are convinced that no reversible error appears in this record. Appellant's assignments and propositions must therefore be overruled, and the judgment of the district court affirmed.

Affirmed.