## HODGES v. ALFORD.

No. 2537.

Court of Civil Appeals of Texas. Eastland.

April 19, 1946.

J. Edward Johnson, of Brownwood, for appellant.

Mark Callaway, of Brownwood, for appellee.

LONG, Justice.

This suit was filed by the appellee against the appellant in the Justice Court of Brown County for damages to appellee's car. In that court judgment was rendered for appellee in the sum of $126.20. Appellant appealed to the County Court of Brown County, and upon a jury trial, appellee recovered judgment against appellant for $86. Appellant has duly appealed to this court.

A 1937 Ford pick-up, while being driven by appellee, its owner, along a state designated highway near Brownwood, Texas, collided with a horse belonging to appellant, as a result of which collision the pick-up was damaged and such damages form the basis for this law suit. Appellant complains of the way and manner in which the court submitted to the jury the measure of damages upon which this judgment is based. Appellant contends that the proper measure of damages is the difference between the market value of the pick-up immediately before and immediately after the collision. The court attempted to submit to the jury the reasonable cost of repairs necessary to restore the property to its condition prior to the collision and the loss of its use while it was being repaired. The following are the three issues and the jury's answers thereto upon this phase of the case:

"Special Issue No. 7: What would be the reasonable cost of repairing the damage to the plaintiff's automobile caused by the collision with defendant's horse? Answer: $86.00.

"Special Issue No. 8: What, if any, additional damage to the cost of repairing said truck, has the plaintiff's truck suffered by reason of the said collision with defendant's horse? Answer: Not any.

"Special Issue No. 9: What amount of loss and damage has the plaintiff suffered by the loss of the use of his said pick-up during the time the same was being repaired? Answer: None."

Appellant objected to said issues upon the ground that they sought to elicit answers from the jury based upon an improper measure of damages and averred that the proper measure of damages would be the difference between the reasonable market value of the automobile immediately before the collision and the reasonable cash market value immediately after the collision. Much has been written upon the proper measure of damages in a case of this character. The most approved measure is the one contended for by the appellant, but many authorities recognize that where personal property is susceptible of restoration to its condition immediately before the injury, that the plaintiff may re-

cover the reasonable cost of repairs and also the value of the loss of the use of the property while it is being repaired. If after it has been repaired its value is not as great as it was before the injury, he may in addition recover the difference between its value before the injury and its value after the repairs have been made. If the value of the property is more and beyond what it was before the injury, such increase should be deducted from the recovery. White v. Beaumont Implement Co., Tex.Civ.App., 21 S.W.2d 559; Northern Texas Traction Co. v. Singer, Tex.Civ. App., 34 S.W.2d 920; Union City Transfer Co. v. Texas & N. O. R. Co., Tex. Civ.App., 55 S.W.2d 637; El Paso Electric Co. v. Collins, Tex.Civ.App., 10 S.W.2d 397; Milby Auto Co. v. Kendrick, Tex.Civ. App., 8 S.W.2d 743; Yellow Cab & Transfer Corporation v. Warren Co., Inc., Tex. Civ.App., 148 S.W.2d 209.

While we do not approve the issues submitting the measure of damages, we are of the opinion that the exceptions lodged by appellant were not sufficient to call the court's attention to the vice in the same. The appellant took the position in the trial court that there was but one proper measure of damages, namely, the difference, if any, between the cash market value immediately before and immediately after the collision. This contention cannot be sustained in view of the fact that the court was attempting to submit to the jury a proper measure of damages and that the exceptions as lodged do not point out specifically wherein such submission was erroneous. We hold that no error is shown. As authority we cite: Wise v. City of Abilene, Tex.Civ.App., 151 S.W.2d 400, 405; International-Great Northern R. Co. v. Acker, Tex.Civ.App., 128 S.W.2d 506, 523; Chase Bag Co. v. Longoria, Tex.Civ.App., 45 S.W.2d 242; Abilene & Southern R. Co. v. Herman, Tex.Civ.App., 47 S.W.2d 915.

However, as this case must be reversed upon other grounds, we believe upon another trial the cases cited upon the question of measure of damages will assist the court in properly submitting the issues upon that question. We believe that the best and safest measure of damages and the one that will lead to less confusion and be more accurate is the one contended for by appellant, that is, the difference in the cash market value of the property immediately before and immediately after the collision. See Campbell v. Johnson, Tex.Civ.App., 284 S.W. 261.

The jury found in answer to special issues that appellant Hodges did not permit the horse that was struck to roam at large unattended on the right of way where the collision occurred; that the horse was not unattended or a loose horse at the time he was struck; that the horse was on a state designated highway at the time he was struck. The court also submitted the following issues:

"Special Issue No. 4: Do you find from a preponderance of the evidence that such action on the part of Bill Hodges in permitting said horse to roam at large on the highway was the proximate cause of the collision with plaintiff's automobile? Answer: Yes.

"Special Issue No. 5: Do you find from a preponderance of the evidence that the defendant, Bill Hodges, used that degree of care that an ordinarily prudent person would have used under the same circumstances to prevent his horses being upon the highway at the time and place of the collision? Answer: He did not use that degree of care that an ordinarily prudent person would have used under the circumstances."

Appellant objected and excepted to Special Issue No. 5 on the grounds that the issue was upon the weight of the evidence in that it assumed that the defendant could have prevented said horse from being on the highway, and improperly placed the burden of proof upon appellant when such burden properly rested upon appellee. We believe that such exceptions and objections are good and should have been sustained by the trial court. As will be seen, the jury found that the horse was not a loose horse and that the appellant did not permit said horse to roam at large unattended on the highway. The evidence discloses that Mr. Hodges, appellant, was the owner of a large number of horses, and that he lived upon a state designated

highway southeast of Brownwood and had two pastures on opposite sides of said highway. It was his contention that someone had left one of the gates open that led from his pasture onto the highway and that his horses escaped through such gate and were out on the highway without his knowledge and that he had caused some of his employees to apprehend the horses and that they were driving them back into the pasture at the time of the collision. We believe that special issue No. 5 improperly places the burden of proof on the defendant in the court below, whereas the proper submission of the case would have placed the burden of proof upon the plaintiff. The issue further assumes that Mr. Hodges could have prevented the horse from being upon the highway at the time of the collision, and for such reason was upon the weight of the evidence.

The court submitted to the jury the question of unavoidable accident. Counsel for appellee, in making his closing argument to the jury, used the following language:

"Here's this issue of unavoidable accident. If it was an unavoidable accident, then nobody will get anything in this case."

Counsel for appellant objected to said argument on the grounds that it was prejudicial and informed the jury of the effect of their answer to such special issue. The court sustained the objection to the argument and instructed the jury not to consider it. Appellant contends that notwithstanding such instruction the argument is of such a nature and character that same could not be cured by instructions from the court. Appellee contends that the argument was not harmful and that the issue of unavoidable accident was not raised by the evidence. We have carefully reviewed the statement of facts and believe that such issue was raised by the evidence. As has been heretofore stated, Mr. Hodges testified and his evidence tended to show that the horse was on the highway without any fault of his. Mr. Alford's

testimony shows he was driving down the highway and although he was keeping a proper lookout, he was near the horse before he saw him and that the lights from approaching cars blinded him and he could not avoid striking the horse. If the jury believed the testimony of both of the injured parties, they would be compelled to answer that the collision was an unavoidable accident. There is no question but that the argument as made had the effect of telling the jury the result of their answer to that question. It has been uniformly held by the courts of this state that it is error for counsel to inform the jury of such matters. After considering the record as a whole, we believe that, notwithstanding the instruction of the court, the argument as made was reasonably calculated to cause and probably did cause an improper verdict and judgment in the case. This being true, it requires a reversal of the judgment of the lower court. McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213; Paschall v. Gulf, C. & S. F. R. Co., Tex.Civ. App., 100 S.W.2d 183; Skipper v. Jackson, Tex.Civ.App., 77 S.W.2d 917; Texas Employers' Ins. Ass'n v. Rowell, Tex.Civ.App., 104 S.W.2d 613.

Counsel complains of the failure of the trial court to define the term negligence. This term was not used in the court's main charge. However, it was used in an issue requested by appellant upon the failure of appellee to keep a proper lookout. But in making his request appellant did not place the definition along with the issues requested upon failure to keep a proper lookout. It is not necessary for us in a proper disposition of this case to pass upon whether error is shown, but in view of another trial, we suggest that if the term negligence is used in any of the issues submitted and a proper definition is requested that same be given.

For the reasons discussed the judgment of the trial court is reversed and the cause remanded for a new trial.