## PATTERSON v. CALLAWAY.

### No. 2623.

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1948.

On Motion for Supplemental Findings of Fact Feb. 13, 1948.

Clyde Vinson, of San Angelo, for appellant.

Mark Callaway, of Brownwood, for appellee.

GRISSOM, Chief Justice.

In September, 1945, D. A. Johnston and wife, who then owned the Willow Garden Courts in Brownwood, entered into a contract with Troy Patterson for Patterson to install, among others, a large neon sign in front of said courts. The contract provided that the sign was guaranteed for one year against defective workmanship and material. The sign was erected in November, 1945, and a maintenance contract was then entered into between said parties.

Thereafter, Mark Callaway purchased said courts, signs and contracts, together with all rights and claims connected therewith, from the Johnstons. The sign did not function properly and Callaway instituted this suit to recover, among other things, the reasonable cost of repairing said sign required by defective workmanship and material used in its construction.

Upon a trial to the court, the court found the facts as indicated above and rendered judgment for plaintiff for $225.00, which the court found was the reasonable cost of repairing said sign; which repairs, it found, were required by reason of defective workmanship and material used in the construction of the sign. Defendant has appealed.

The controversy in the case, as to the only item on which the judgment is based, was whether the improper operation of the sign was caused by defective workmanship and material used in its construction or the insufficiency of a branch circuit leading from the main switch to the sign. If defective workmanship and material used in construction of the sign was the cause of its inefficient functioning, defendant, by virtue of the guarantee against defective workmanship and material in construction of the sign, was liable for the cost of repairs. Hodges v. Alford, Tex.Civ. App., 194 S.W.2d 293, 295. If the defect resulted from an insufficient branch circuit, defendant was not liable therefor.

There was much testimony concerning these questions and the statement of facts is unusually large. We think it is sufficient to say that the evidence would have supported a finding for either plaintiff or defendant on the controlling issue suggested above. Much of the testimony was technical in nature but, unquestionably, the evidence is sufficient to support the trial court's finding that the failure of the sign to operate properly was due to defective workmanship and material used in construction of the sign and that its inefficiency was not due to the failure of the plaintiff, or his assignor, to provide an additional or a larger branch circuit. This conclusion requires an affirmance of the judgment.

The trial court's findings of fact are voluminous and most of them are challenged by appellant. Since the finding aforesaid is the basis for the judgment rendered and is supported by the evidence, whether or not other findings that are not a necessary basis for the judgment are so supported is immaterial.

The judgment is affirmed.

On Motion for Supplemental Findings of Fact.

In response to appellant's request for supplemental findings of fact the court finds:

(1) The evidence was sufficient to sustain a finding that D. A. Johnston and

wife transferred to appellee Mark Callaway all contracts for the purchase and erection of neon signs theretofore entered into between the Johnstons and Troy Patterson, appellant, together with all claims in connection therewith.

(2) The contract provided that the accessories were not guaranteed.

(3) The purchaser was responsible for the installation of branch circuits.

(4) The evidence was sufficient to support the finding of the trial court that the one sign in question was defective as to material and workmanship. There was evidence to the effect that said sign never properly functioned or operated and that such failure was not due to any defect in the branch circuits but to the workmanship and material that constituted the sign itself.