## McMAHAN v. MUSGRAVE.

### No. 2787.

Court of Civil Appeals of Texas.
Eastland.

March 17, 1950.

Motion for Rehearing Overruled
April 28, 1950.

Cox & Bradbury, Abilene, for appellant.

McMahon, Springer & Smart, Abilene, for appellee.

GRISSOM, Chief Justice.

J. L. Musgrave recovered a judgment against T. E. McMahan for $310 and Mc-Mahan has appealed.

Musgrave alleged that he suffered damages as a result of a collision of his automobile with that of McMahan's, which collision, he alleged and the jury found, was caused by McMahan's negligence. Relative to the measure of damages, plaintiff alleged that on January 18, 1949, he owned an automobile worth $1,200; that on said night his automobile was damaged in a collision with defendant's automobile. He then alleged the circumstances surrounding the collision and concluded said paragraph with the following: "Plaintiff's automobile was broken and damaged in the amount of Three Hundred Ten ($310.00) Dollars, and that the market value of said automobile was then and there reduced by at least that amount." The foregoing are all of the allegations relative to damages. Special Issue No. 18 was as follows: "What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence would compensate plaintiff for damages, if any, to his Plymouth automobile." The jury's answer to said issues was, "$310.00." Judgment was rendered for Musgrave against McMahan for $310.

Plaintiff was permitted to testify, in substance, that he had his automobile repaired after the collision; that the cost of repairing the automobile was $310; that said charges were reasonable and that his automobile was not in better condition after it was repaired than before the accident. Musgrave also was permitted to introduce the repair bill.

Appellant made the following objections to said issue:

"(a) The defendant objects and excepts to Special Issue No. 18, and the submission of said special issue, for the reason that same is too vague, indefinite and uncertain, in that it does not confine the jury to a consideration of matters and things within the true measure of damages applicable to the pleadings and evidence in this cause, but permits the jury to resort to surmise and speculations as to the meaning of the court's charge, and the matters and things to be taken into consideration in arriving at the answer to be made thereto.

"(b) Because plaintiff's pleadings as to damages was based on a reduction in the market value of his automobile in the sum of $310.00, and the court's charge should have been based on said pleadings by submitting to the jury, first, what they found the reasonable cash market value of plaintiff's automobile to have been immediately before the collision, and, second, the reasonable cash market value of plaintiff's automobile immediately after the collision, that Special Issue No. 18 was erroneous in not being in such form.

"(c) That said issue would not be proper even though plaintiff's pleadings had based

his damages on the reasonable and necessary repairs, which the pleadings did not do, but had they so provided this issue would not be proper in that it does not restrict the jury to a finding of reasonable and necessary repairs."

■ The objections under (a) were properly overruled. They did not "point out distinctly the matter to which he objects and the grounds of his objection", as required by Texas Rules of Civil Procedure, rule 274. The objections under (b) merely state the contention that the court should submit issues as to the value of the automobile before and after the accident, because that is the measure of damages alleged. Objections under (c) state appellant's contention that even if appellee had alleged the reasonable cost of repairs to his automobile necessitated by appellant's negligence that the issue submitted would not be proper because it does not restrict the jury to a finding of reasonable and necessary repairs.

■ We do not construe the allegations with references to damages to necessarily restrict appellee to proof of the difference between the value of the automobile before and after the accident. It is not necessary that plaintiff allege the measure of damages. The measure of damages is a question to be determined by the court. The amount of damages is to be determined by a jury.

■ The court could not have complied with appellant's suggestion said objections that issues as to the value of the car before and after the accident be submitted because there was no evidence thereof. There was some evidence as to the reasonable cost of repairs necessitated by the collision. We think the court should have submitted such an issue. Appellant's objections do not suggest the submission of such an issue but urge the submission of a different issue, to wit: the value of the car before and after the accident, which suggested issue would have had no support in the evidence. We do not approve the issue submitted. However, its submission has been held to not be reversible error in

an action for damages for personal injuries. Willis v. Smith, Tex.Civ.App., 120 S.W.2d 899, 903, Writ.Dis. See also Missouri-Kansas-Texas Ry. Co. of Texas v. Wells et al, Tex.Civ.App., 275 S.W. 218, 221, Writ.Ref. The jury found that appellee's car had been damaged to the extent of $310. From this record there is no reason to believe the verdict would have been different had the court asked it to find the reasonable cost of repairs necessitated by the collision. See 13 Tex.Jur. 159 and Hodges v. Alford, Tex. Civ.App., 194 S.W.2d 293, 295; Pasadena State Bank v. Isaac, Tex.Sup., 228 S.W.2d 127.

■ Appellant also assigns error to the overruling of objections to appellee's testimony relative to the repair of his automobile and the cost of repairs. Mr. Musgrave testified that his automobile was repaired after the collision, where it was repaired, the cost; that the cost was reasonable and that he had the repair bill. Questions eliciting such testimony were objected to on the ground that appellee had pleaded that his motor vehicle was damaged by being reduced in value by the collision and had not alleged that his damages were measured by the reasonable and necessary cost of repairs. Such objections were properly overruled for the reasons heretofore stated with reference to the objections to issue 18. Appellant objected to said testimony because it was not the proper method of proving damages; because it was not shown that the repairs were necessitated by the collision, nor was it shown that the repairs were limited to the damages caused by the collision; because the repair bill was hearsay and because it was not shown that plaintiff was qualified to testify that $310 was a reasonable charge for the repairs. The objections were overruled and appellee testified: "After the collision Milstead Brothers Repair Shop in Abilene repaired my car and charged me $310.00, which was reasonable. After it was repaired, the car was not in better shape than it was before the collision. However, it looked all right and they did a very good job in repairing it and I am satisfied. I have here with me the original repair bill."

The repair bill was introduced in evidence. There is no statement of facts and a copy of the repair bill is not in the record.

■■■ Appellee, in his brief, refers to testimony said to have been introduced on the trial of the case. We cannot consider such testimony. Nevertheless, appellee, if he knew, could testify as to the repairs made and the reasonableness of the charges therefor. His testimony is to the effect that the car was not repaired so as to put it in a better condition than it was before the collision. If appellant did not think that appellee was qualified to testify as to the reasonable value of the repairs necessary to place the automobile in the condition it was before the accident, appellant should have been permitted to examine the witness and test his qualifications to so testify and, if so requested, the court would have undoubtedly permitted such examination. We think error in this particular is not shown. Pecos & N. T. Ry. Co. v. Porter, et al., Tex.Civ.App., 156 S.W. 267; Foster v. Burgin, Tex.Civ.App., 244 S.W. 244; Pecos & N. T. Ry. Co. et al. v. Grundy, et al., Tex·Civ.App., 171 S.W. 318; Hartford Fire Ins. Co. v. Owens, Tex.Civ. App., 272 S.W. 611, Writ.Ref.; Demeritt v. Bade, Tex.Civ.App., 98 S.W.2d 219; 19 Tex.Jur. 160; North East Texas Motor Lines, Inc. v. Hodges, Tex.Civ.App., 141 ·S.W.2d 386, affirmed, 138 Tex. 280, 158 S.W.2d· 487.

■■■ If the court permitted appellee to hold the repair bill in his hand and refresh his memory as to the repairs and the ·charges therefor and then to testify .that within his knowledge the repairs were necessary and the amount charged for the repairs reasonable, in the absence of a showing that he was not qualified, no error is shown. However, the repair bill was hearsay and inadmissible but we do not think appellant's bill of exception to its admission manifests reversible error. The bill is not shown in the record and we cannot ·know its contents. It may have simply stated, "Automobile Repairs, $310.00." In any event, it is difficult to conceive how it could have added anything of value to the testimony of appellee, to the effect that Milsteads repaired his car; that the charge was $310; that it was reasonable; that the repairs put his car in no better condition than it was before the collision. In other words, that $310 was the reasonable cost of repairs required as a result of the collision.

■■■ Having carefully considered all of appellant's points and the entire record, we conclude that the errors complained of did not amount to such a denial of appellant's rights as were reasonably calculated to cause and probably did· cause the rendition of an improper judgment. R.C.P. 434.

The judgment is affirmed.

### On Motion for Rehearing. ·

■■■ In deference to appellant's able motion for rehearing, we have again examined the questions presented. Appellant contends that we erred in holding reversible error was not shown relative to (1) the admission of Musgrave's testimony as to the repair of his automobile and its cost and (2) in the submission of issue 18. We adhere to our original opinion that submission of said issue, over the objection made, was not reversible error. Point One is that we should reverse the judgment because (a) Musgrave was permitted to testify that the charge of $310 for repairing his· automobile was reasonable and (b) because Musgrave was permitted to introduce the repair bill. The repair bill is not in the record. We are not informed as to its contents. It could not be seriously contended, under such circumstances, that it is shown that appellant was injured by introduction of the bill. Bill of exception one does not show that the court erred in permitting appellee to testify that $310 was a reasonable charge for the repairs. There is no statement of facts. Said bill shows that appellant objected to such testimony on the ground that Musgrave was not shown to be qualified to so testify and that he had not qualified as an expert or as a person familiar with the cost of repairs. The court does not certify that, as a matter of fact, there was no testimony showing that appellee was· qualified to so testify. The bill does not disclose reversible error be-

cause it does not show that said grounds of objections were, in fact, true. It is required, where such a point is presented by a bill of exception, that the bill show, as a fact, that there was no evidence showing the qualification of said witness to so testify. It is not sufficient merely to show that such an objection was made. Terrell v. McCown, 91 Tex. 231, 43 S.W. 2; Ward v. Cameron, 97 Tex. 466, 472, 80 S.W. 69; Clark v. State, Tex.Civ.App., 189 S.W. 84, 85; Gause-Ware Funeral Home v. McGinley, Tex.Civ.App., 41 S.W.2d 433, 434, Writ.Ref.; Jackson v. Steele, Tex.Com. App., 57 S.W.2d 95, 97.

The motion for rehearing is overruled.